EDWIN M. BIGELOW *vs.* CITY OF BOSTON.

Suffolk.    April 3. — June 30, 1877.    AMES & ENDICOTT, JJ., absent.

The board of aldermen of the city of Boston has no authority, since the enactment of the St. of 1871, c. 382, to assess a betterment tax for the widening of a street ordered before the passage of that act.

CONTRACT to recover back the amount of a betterment tax, assessed by the board of aldermen of the city of Boston, upon the estate of the plaintiff, fronting on Shawmut Avenue, and paid under protest.

The case was submitted to this court upon an agreed statement of facts in substance as follows:

By an order passed by the board of aldermen of the city of Boston on August 29, 1870, and approved by the mayor on October 10, 1870, Shawmut Avenue was widened and extended

from Dover Street to Tremont Street, taking a part of the plaintiff's land. The board of street commissioners was duly organized and entered upon the discharge of its duties upon the first Monday of January, 1871, in pursuance of the St. of 1870, *c*. 337. On October 7, 1872, the board of aldermen adjudged the benefit and advantage to the remainder of the plaintiff's land by the widening to be $10,000, and assessed thereon $5000.

If upon these facts the plaintiff was entitled to recover, judgment was to be entered for him for $6093, with interest; otherwise, judgment for the defendant.

*E. M. Bigelow, pro se.*

*H. W. Putnam,* for the defendant.

Soule, J. Whenever jurisdiction of a subject matter is transferred by statute from an existing tribunal to a new one, the original tribunal loses, at once, all power to originate proceedings in relation to that subject matter, and, unless the statute contains a provision that it shall not affect pending proceedings, all right to complete proceedings already in progress. This is so, whether the statute repeals the law which gave jurisdiction to the original tribunal in express terms, or only by implication. *New London Northern Railroad* v. *Boston & Albany Railroad,* 102 Mass. 386.

The St. of 1871, *c*. 217, provides that "whenever any real estate shall be liable to assessment on account of the benefit or advantage it has received by the laying out, widening, extending, discontinuing, grading or altering of any street or highway, such assessment shall be made, in the city of Boston, by the board of street commissioners."

The power to make such assessments had previously been vested in the board of aldermen of the city. The statute does not contain any reservation to the aldermen of authority to make assessments of benefits received from the laying out or widening of streets before the passage of the act, and expressly repeals all acts and parts of acts inconsistent with its provisions. The St. of 1871, *c*. 217, was repealed by the St. of 1871, *c*. 382, which vested all power to make such assessments in "the board of city or town officers authorized to lay out streets," so far, at least, as concerned streets laid out after the passage of the act; and so far as concerns streets laid out before its passage, as to

which proceedings for assessing betterments had not been instituted, unless, as is contended by the defendant, the proceedings for assessing betterments are so far a part of the laying out or widening that they are, within the meaning of the saving clause of the statute, a " case pending," although no step has been taken in relation thereto.

The assessment of betterments is not a part of the proceedings of laying out or widening a street, but is a new and independent proceeding, of an entirely different character, being the assessment of a tax. *Harvard College* v. *Aldermen of Boston*, 104 Mass. 470. *Prince* v. *Boston*, 111 Mass. 226. Whether the St. of 1871, *c.* 217, did or did not transfer to the street commissioners jurisdiction to assess betterments incident to the widening ordered before its passage, no jurisdiction remained in the board of aldermen to make such assessment after the enactment of *c.* 382, which repealed, in terms, all the statutes by which authority to assess betterments was given to the board of aldermen. Under the saving clause " such repeal shall not affect any rights or liabilities already incurred; " authority to make assessments, which might have been made by the aldermen, is transferred to the street commissioners ; while the clause as to pending cases permitted the aldermen to complete all assessments which were in progress before them when the statute took effect.

As, for these reasons, we think the assessment on the estate of the plaintiff to have been laid without authority, under the agreement of the parties, there must be

*Judgment for the plaintiff.*