PEAY vs. CITY OF LITTLE ROCK.

TAXATION; *Constitutional provision as to uniformity, applied to local assessments.*
The City Council of Little Rock passed an ordinance for the paving of Markham Street, providing for an assessment on the adjacent lots and blocks, according to frontage, to pay for the same. The Constitution in force at the time contained the following provision: " Laws shall be passed taxing by a uniform rule, * * * all real and personal property according to its true value in money."

Held: That the constitutional provision appied to local municipal assessments for the improvements of the streets of a City, and the assessment should have been according to the value of the property, and having been made according to frontage, it was void for want of uniformity.

APPEAL from *Pulaski* Chancery Court.

Hon. W. I. WARWICK, Chancellor.

*U. M. Rose* for appellant.

*T. D. W. Yonley, contra.*

WALKER, J.:

The City of Little Rock filed, in the Chancery Court of Pulaski County, a bill of complaint to subject to sale certain lots,

fronting on Markham Street, for the payment of a special tax levied and assessed upon said lots.

The defendant, Peay, demurred to the bill, the demurrer was overruled, and final decree rendered, subjecting the lots to the payment of the tax, from which an appeal has been taken to this court.

The City Council passed an ordinance: That Markham Street, a public highway in said city, between given points, should be graded, and curbed on each side with stone, and paved in the Richardson Patent Wood Pavement. That the city engineer (if necessary) by actual measurement, ascertain the number of feet of each block or lot of land, cross street and alley, abutting or touching upon said street, within the prescribed limits, and note the name of the owner of the same, if practicable, and file a map of the same, showing the owners of each block or lot; the number of feet the same abuts on said street, with the full length of said improvement in feet, the number of cubic yards of grading, &c., with the cost thereof, at the prices, &c., and the amount assessed against each block, lot or part thereof.

That the clerk, in making his assessment roll, should levy and assess upon each foot of the several lots and blocks, or parts thereof, touching and abutting thereon, such parts of said street, in the proportion that the number of feet of said lot or block touching or abutting upon said street, bears to the aggregate number of feet touching and abutting thereon, a sum of money sufficient to pay the proportionate part of said lot or block, of the whole cost or expense of said improvement.

Under a levy made upon the lots of Peay to pay for the pavement of the street opposite to such lot, demand for payment was made, which was refused, to enforce the payment of which this suit was instituted.

That the pavement was made, and a regular assessment of the property under, and according to the provisions of the ordinance is not questioned, but the real and only material question presented for our consideration is, as to the constitutional power of the corporation, to make such an assessment of the property owners, fronting Markham Street, as has in this instance been made.

It is contended for the appellant that an assessment, such as is provided for by the ordinance under which this property was assessed, is unconstitutional, in this; that the valuation was not by a uniform rule according to its true value in money, but by a rule of length, or superficial surface, a valuation which had no reference to the value received, or benefit to the owner.

Sec. 2, art. x, of the Constitution of 1868, ordains that: "Laws shall be passed taxing, by a uniform rule, all moneys, credits, investments in bonds, joint stock companies or otherwise, and also all real and personal property, according to its true value in money."

Art. v., sec. 49 : " The General Assembly shall provide for the organization of cities and incorporated villages, by general laws, and restrict their powers of taxation, assessment, borrowing money, contracting debts, and loaning their credit, so as to prevent the abuse of such power."

Sec. 47, art. v.: "The General Assembly shall not have power to authorize any municipal corporation to pass any laws contrary to the general laws of the State, or to levy any tax on real or personal property, to a greater extent than two per centum of the assessed value of the same."

Under these provisions of the Constitution, the General Assembly enacted, sec. 3228, Gantt's Digest, (referring to incorporated cities and towns) : "They shall have power to lay off, widen, straighten, extend and establish, or improve and keep in

order and repair, etc.,    *    *    *    and to assess and collect a charge on the owner or owners of any lot, or land, or lots or lands through, or by which a street, alley or public highway shall pass, for the purpose of defraying the expenses of constructing, improving, repairing, or lighting such street or alley, or public highway, to be in proportion, either, to the feet front of land or lot, abutting on such street, alley or highway, or, to the value of such lot or land assessed for taxation under the general law of the State, as such municipal corporation may in each case determine."

Sec. 3229 : " Each municipal corporation may, either by general, or special by-law, or ordinance, prescribe the mode in which the charge on the respective owners of lots of land, and on the lots or land, shall be assessed and determined, for the purposes authorized by the provisions of this act."

Under the power thus conferred, the City of Little Rock, in its corporate capacity, did, by ordinance, direct that an assessment be made on the lots fronting Markham Street, to be apportioned to the number of feet of each, abutting on said street. In obedience to which, a survey was made, with an estimate of the number of square feet in front of each lot, and passed the following ordinance :

Sec. 1.  That the several sums set opposite the following described lots, or parts of lots, or blocks or parts of blocks, as the case may be, respectively, to-wit:   Pea, Gorden N., block one hundred, fifty feet, tax $414.06.

Following out the list it is found, that the valuation of each fifty feet front, the whole extent of Markham Street, is assessd in the same proportion, that is, according to the number of feet in front of the lot so assessed.

Under this state of case, the question to be determined is, does the assessment conflict with the Constitution, which requires

that " laws shall be passed taxing by a uniform rule all property subject by law to taxation, according to its true value in money."

Limited by these constitutional restrictions, the General Assembly cannot confer upon corporations, nor can they exercise greater powers than the Constitution confers.

The counsel for the city have attempted to draw a distinction between the " assessment" of property, and a " tax " on property, and insist that the term " tax " is applicable to a general, or stated tax, whilst an assessment relates to a levy under a local ordinance. To sustain them in this position, reference has been made to the decision of the Supreme Courts of several states, with others, two of the decisions of this court.

In that of *Washington* v. *The State*, 13 Ark., 752, the constitutionality of an act of the General Assembly, which imposed a penalty upon any one, who set up, or kept a billiard hall or "ten pin alley," without first paying a license for the privilege of doing so. Ch. Justice Watkins, who delivered the opinion of the court : Held, "that the corporation had power to impose a tax on 'billiard tables' and 'ten pin alleys,' for municipal purposes, and as a police regulation for the preservation of good order." Under the state of case before him, the judge might well have substituted the word " privileges " for " taxes," which was evidently in his mind, when he referred to municipal, and police regulations, which are altogether different from an assessment of taxes.

The other case, *McGee* v. *Mathis, et al.* 21 Ark., 40, was mainly decided upon the authority of *Washington* v. *The State*, it was appealed from to the Supreme Court of the United States, and reversed.

There are also decisions of some of the other states, which would seem to sustain the distinction between an " assessment" and " taxation."

The Tennessee, Illinois, Ohio and Wisconsin courts, in which certain decisions are found to some extent sustaining the distinction, have reversed them and now hold differently, whilst Missouri and some others still maintain the distinction.

Mr. Justice Breese, who reviewed all of the decisions of the Supreme Court of Illinois, indeed, of nearly all of the courts, when refering to the distinction between an "assessment" and a "tax," says: "Call it a special assessment, then it is demanded on what grounds, apart from taxing power, can property be taken by way of a local or special assessment, * * * If a special assessment is not a tax, it must be placed under the exercise of the power of *eminent domain,* * * power of every description must be referred to some certain source, some local habitation must be assigned it, and if none can be, then it is safe to say, it is 'vagrant power,' or that it has no existence." *The City of Chicago* v. *Larned, et al.,* 34 Illinois, 276.

When taken in their popular meaning in reference to the taxing power, "assessment of taxes" and taxation have substantially the same meaning. "Assessment" is defined by Burrill to be, "To adjust or proportion;" "To rate or fix the proportion of a tax with each person of several, liable to it;" "To apportion a tax according to supposed relation between;" "To value in order to tax." The term to "assess" and to "tax," were anciently used in close connection in point of meaning. Burrill's Law Dictionary, vol. 1., 140. In vol. 2, 509, he says: "To tax, to lay, to impose, or assess upon the citizen a certain sum of money, to be paid to the public treasury."

In practice, to "assess, fix or determine judicially, to adjust, adopt or proportion."

It is in this popular sense that the terms, "taxation" and "assessment" are used in our Constitution, statutes and ordinances. Whether found in the several sections of the Constitu-

tion, or in the statute, laws or ordinances, they are limited by the Constitution to that uniform rule, and to the value of the property so assessed, according to its true value in cash.

At the foundation of the taxation system, rests the rule, that the citizen shall contribute to the support of the government, which protects his person and property, in proportion to the value of the property protected, and equality, so far as is practicable, is, says Dillon, p. 588, "inherent in the very idea of a tax, as distinguished from arbitrary taxation  *  *  whatever limitations exist upon legislative authority, to wield, in its full scope, the taxing power of the State at its will, must be sought in the nature of the power itself, and in express or implied restrictions of the National and State Constitutions; but for which, the power in the Legislature to tax is unlimited."

The power of the corporation to levy the tax in this instance, is not questioned, its exercise is indispensably necessary to its corporate existence; but the real question to be determined, is, as to whether or not, the tax imposed in this instance bears equally upon the holders of property fronting the street paved. Mr. Cooley in his work on Constitutional Limitation, p. 515, well remarks, that, "The constitutional requirement of 'equality' and 'uniformity' only exist to such objects of taxation, as the Legislature shall determine to be properly objects of the burden, *  *  *  but over all these the burden must be spread, or it will be unequal as to those who are selected to make the payment."

In the case under consideration, the corporation did impose upon all the property holders, who owned property fronting on Markham Street, a tax, equal it is true, in frontage, but not in value, no ascertainment of the value of the property seems to have been made, none of the burdens imposed, as compared with the advantages to be derived to the owners of the property,

on account of such improvement ascertained—$414,06 were imposed upon the fifty feet front owned by Peay, and a like number upon every other fifty feet, which fronted the street.

From what appears from the records, the lot owned by Peay, may not exeed that sum in value, while another fifty feet may be worth ten times that much.

The benefits to those who own fronts upon which hotels, and other places of public resort are situated, may be equal, to the amount of tax imposed, and other fronts remote from the thronged thoroughfares, but little benefitted. Can it be said, that there is equality in burden and benefit in this? We think not. Suppose Peay's lot is not worth more than the taxes assessed, and is sold to pay them, where, or upon what, is he to get benefit; when he has no property to be benefitted? Certainly none.

We can scarcely expect absolute equality in all cases, or benefits commensurate with the burden of taxes imposed. But the principle upon which this approximation to equality is to be maintained, must be preserved inviolate, in this, that all property subject to taxation, shall be uniformly assessed according to value; a rule applicable to all taxation, whether for general, or local and special purposes.

We concede to the corporation, power to judge of, and determine the extent and character of the improvement to be made, to ascertain, locate and fix the limits of the local districts, and to declare that a tax shall be imposed upon the property-holders within the district so laid off, and to fix the amount to be levied upon the property of the district, but this levy must be made equal and uniform, according to the value of each tract assessed, by an assessment according to the value of the property assessed.

Nothing short of this will meet the constitutional requirement; to depart from it, is a departure from the Constitution, and is void.

This valuation and assessment, cannot be arbitrarily determined, either by law, or by an ordinance.

The 15th sec., art. i., of the Constitution, ordains, "that private property shall not be taken for public use, without just compensation therefor."

Suppose the Legislature should pass a law authorizing the taking of private property for public use, and should in the same act fix the compensation, which they supposed to be just, to be paid for it, no one would contend that the Legislature was competent to determine by law, what would be a just compensation for the property taken.

The action of the Legislature to this extent, would be held arbitrary and unconstitutional; nor could the Legislature, or a corporation, either by a law or an ordinance, declare the value of property, or what would be a just assessment upon it, so as to make the assessment uniform and equal in value; and for a like reason the relative estimate of benefit and burden by law; such assessment and valuation is essentially a matter of fact to be ascertained by evidence, not by law.

A state, county, or more limited corporation can only take the private property of the citizen under right of *eminent domain*, or charge it with a tax assessed, for the support of government, upon a just compensation for the property taken, or upon an equal and uniform charge upon the property according to its actual value in cash. So jealously did the framers of the Constitution guard this right, that they not only declared that valuation should be made, but directed that at least once in every five years it should be made, not by law, but by an officer to be appointed for that purpose.

An assessment according to the number of feet frontage of the property, irrespective of value, is irreconcilable with this constitutional provision, and cannot be restrained.

Tennessee, Louisiana, Arkansas, Texas, Missouri, California, Ohio, Massachusetts, Michigan, Wisconsin and Illinois have, by constitutional provisions, limited legislative power, or asserted the principle of taxation according to a uniform rule at the actual cash value of the property assessed; none more fully than Arkansas.

In the case of *Weeks* v. *City of Milwaukee, et al.*, reported in 10 Wis., 242, a case in all its essential points like the one under consideration, came before the Supreme Court of that State, under constitutional restrictions in many respects like our own, in which Mr. Justice Payne, in a well considered opinion, Held: That the uniform rule of taxation under the Constitution, is applicable to municipal corporations, that the rule of uniformity of taxation extends to all taxation, whether by cities or counties, and that an assessment by frontage, could not be sustained, as an exercise of the taxing power of the state and city, and to this extent fully sustains us in the conclusions at which we have arrived, but decided the case upon the qualifying effect of a provision in their Constitution, under which, special assessments under corporate authority, were so modified as to take the case out of the general rule. It is not clear to our mind how, considering the general principle, the final conclusion of the court can be sustained. At page 256, he says: "I have no doubt if the assessments are to be sustained at all, that it must be done upon the ground that they are exercises of the taxing power * * a city or county is not a state; and if it contracts a debt, that is not a state debt. But when either exercises the taxing power, it is acting for the state, as taxation is an attribute of sovereignty; where, therefore, the Constitution

requires ' the rule of taxation to be uniform,' I think it extends to all taxation by the state, whether acting directly or by delegating its authority to a political corporation. The object of this provision was, to protect the citizens against unequal, and consequently unjust taxation."

In the case of *McCormack, et al.* v. *Patchin, et al.*, 53 Mo., 33, it appears that a street in the City of St. Louis had been paved at the expense of the holders of property fronting it; after which a like tax was assessed for repairs; the correctness of the levy for repairs, upon a like frontage assessment, was the question before the court for consideration.

It was by the court held : Mr. Justice Wagner delivering the opinion, that "as the first tax was authorized by the provisions of the charter, the assessment for repairs might also be levied under the same power."

The question of power to make the levy in the first instance, was not discussed, but the decision seems to have been made upon the assumption, that the first assessment was correct, and, that under the same power and under the same rule of assessment, the property should be assessed for the payment of repairs.

It is also true that the judge did, in his opinion, assert the principle that the benefit to the property holders, by making the repairs, was compensation for the burden imposed by taxation. The same rule of benefit and burden is asserted in the earlier decisions of several of the states, among others, by the courts of Tennessee and Illinois, but in both of them, it has in their later decisions been in effect overruled.

The case of the *City of Chicago* v. *Larned, et al.*, 34 Ill., 253, the facts of the case and the questions of law presented, were much like those in the case under consideration. Mr. Justice Breese, who delivered the opinion of the court, reviewed the

decisions of the Supreme Court of Illinois, and many of the states. He said: "We propose to examine but one question, as the decision upon that, determines the whole controversy, and that is, are the provisions of the revised chapter of the City of Chicago, under which the assessment in question was made, in harmony with the provisions of secs. 2 and 5 of art. ix, and sec. 11, art. xiii, of the Constitution of the State. The framers of our Constitution have taken unexampled pains to affirm the principles of equality and uniformity as indispensable to all legal taxation, whether general or local." With regard to assessment by frontage, he says: "If this assessment is to be regarded as an exercise of the taxing power, it cannot be denied, that it flagrantly violates these principles of the Constitution * * The assessment of injuries and benefits, is in the nature of a judicial proceeding, and must be surrounded with some sort of judicial sanction; besides, the just compensation required by the Constitution is a matter of substance, and not of form, and which this proceeding utterly ignores."

In reaching his conclusions, Judge Breese has so fully sustained his decisions by authority, that we need only refer to them as well as the decision itself, as fully in accordance with the conclusions at which we have arrived, that the assessment of the property of Peay by its frontage on Markham Street, irrespective of its cash value, was unconstitutional and void.

The Chancery Court erred in overruling Peay's demurrer to the bill of complaint, and in rendering judgment thereon for plaintiff.

Let the judgment be reversed and set aside with costs, and the bill dismissed.