JACOB L. KNOWLES *vs.* CITY OF BOSTON.
PATRICK M. FLOOD *vs.* SAME.

Suffolk.    March 23. — October 21, 1880.

A notice from a city treasurer, that it is his duty to enforce the payment of a tax on land by sale unless the tax is paid forthwith, is not " a notice of sale " within the Gen. Sts. *c.* 12, § 56.

A person paying a tax stated orally to the clerk of the treasurer of a city that he paid it under protest, and wished the clerk to make a note of it. The clerk, acting under instructions from the treasurer to make a note of all protests, written or oral, wrote upon the receipt given for the tax that it was paid under protest, and made a memorandum to that effect on the books of the treasurer. *Held*, that there was not "a protest in writing" by the person paying, within the Gen. Sts. *c.* 12, § 56.

THE FIRST CASE was an action of contract to recover the amount of a betterment tax assessed by the board of aldermen of the city of Boston upon the real estate of the plaintiff, on October 7, 1872, for the widening and extension of Shawmut Avenue in said city, and alleged to have been paid by the plaintiff after a protest by him in writing. Trial in the Superior Court, without a jury, before *Pitman*, J., who found the following facts :

In September 1873, the following notice in writing was sent to the plaintiff by the treasurer of the defendant city : " Having duly made demand for the payment of the assessment made upon your estate, numbered 283 Shawmut Avenue, by the board of aldermen, for the benefit and advantage accruing to your said estate, for widening and extending of Shawmut Avenue, and the

same remaining unpaid, it becomes my duty to enforce payment by sale of your said real estate if not paid forthwith.

"F. U. Tracy, City Treasurer."

The plaintiff soon after went to the treasurer's office, and paid the assessment, saying to the clerk that he paid it under protest, and receiving from him the treasurer's receipt, having upon it the words "paid under protest" written by the clerk at the time of payment. The plaintiff put in evidence an account-book of the city treasurer, in which were entered payments of betterments as made from time to time, and among them an entry of this payment with the word "protest" written over and in connection with the name of the plaintiff. He also called S. A. Cushing, a former clerk of the city treasurer, who testified that the treasurer had instructed him to make a note of all protests, whether written or oral, made when taxes were paid; that pursuant to this instruction he wrote the word "protest" in said book, as above stated, at the time of payment, and the words "paid under protest" on the receipt which he returned to the plaintiff; that he did not remember any of the circumstances attending this particular payment, but he should not have written the word "protest" in the book, nor the words "paid under protest" upon the receipt, unless the party paying had protested either orally or in writing.

THE SECOND CASE differed from the first only in the fact that the plaintiff, at the time he paid the tax and told the clerk that he paid it under protest, added that he wished him to make a note of it.

In each case, the judge found for the plaintiff, and reported the case for the determination of this court; judgment to be entered accordingly, or for the defendant, as law and justice might require.

*E. P. Nettleton*, for the defendant.

*C. K. Fay*, for the plaintiffs.

SOULE, J. The assessment in each case was invalid, because made by the board of aldermen instead of by the street commissioners. *Bigelow* v. *Boston*, 123 Mass. 50. The assessment was merely the assessment of a local tax for a local benefit. *Harvard College* v. *Boston*, 104 Mass 470. *Prince* v. *Boston*, 111 Mass. 226. The amount paid cannot, however, be recovered

back, unless it appears that it was paid after a notice of a sale of the real estate, or a protest by the person paying in writing. Gen. Sts. *c.* 12, § 56. The plaintiffs recognize this ; and it is alleged in the declaration in each action, that the payment was made after a protest by the plaintiff in writing.

It is not alleged, and the evidence offered did not tend to show, that the payment in either case was made after a notice of a sale of the real estate. The statute provides that, when the collector undertakes to levy a tax by sale of the land on which it is assessed, he hall give notice of the time and place of the sale by an advertisement thereof three weeks successively in some newspaper of the county where the estate lies, if there is such newspaper, and if not, then in a newspaper printed in an adjacent county, such advertisement to contain a substantially accurate description of the rights, lots or divisions of the estate to be sold, the amount of the tax on each, the names of all owners known to the collector, and the taxes assessed on their respective lands; and that he shall post, three weeks before the sale, a like notice in some public place in his precinct, and a like notice on the premises advertised to be sold. Gen. Sts. *c.* 12, §§ 28, 29, 30. The provision in § 56 that no tax paid to a collector shall be recovered back unless paid after a notice of sale of real estate, refers to the notice thus required to be given before a sale can be lawfully made, the giving of which is the beginning of proceedings for enforcing the payment of the tax. No such notices of sale of the estate of the plaintiffs had been given before they paid their assessments. The paper sent to them was merely a warning from the collector that, unless they paid, it would be his duty to proceed to sell.

The evidence also failed to show that either of the plaintiffs made a protest in writing. The plaintiff Knowles did nothing but make an oral declaration that he paid under protest. The plaintiff Flood made a like oral declaration, and added to it a request to the clerk of the city treasurer to make a note of it. This request did not change the character of the act of Flood, but left his protest a mere oral one, up to this point. It is contended, however, that the protests became written ones by virtue of what the treasurer's clerk did, in writing the word "protest" in his book, and in writing the words "paid under

protest " on the receipts which he returned to the plaintiffs. These acts of the clerk cannot avail the plaintiffs. He did not act in behalf of the plaintiffs in doing them. He was merely obeying the instructions of his employer to make a note of all protests, oral as well as written. He could not waive the right of the defendant to keep the taxes paid to it, without a protest in writing; and a memorandum made on his book, as a part of his duty to his employer, is not an act, or a writing, or a protest, by the plaintiff. The statement on the receipts is his statement, and not the statement of the plaintiffs, and does not purport to declare that the payment was made after a protest in writing; and, if it did, would not estop the defendant to show that it was not true.              *Judgment for the defendant.*