GEORGE WHEATLAND *vs.* CITY OF BOSTON.

Suffolk.    March 9, 1909. — May 22, 1909.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Tax.    Limitations, Statute of.    Words,* "Tax."

The requirement of R. L. c. 13, § 86, that an action for the amount of a tax paid
under protest must be brought within three months after the payment of the
tax, is not a mere statute of limitation but is a condition precedent to a right of
action.

The requirement of R. L. c. 13, § 86, that an action for the amount of a tax paid
under protest must be brought within three months after the payment of the
tax, applies to an action for the amount of a tax laid under an unconstitutional
statute.

The requirement of R. L. c. 13, § 86, that an action for the amount of a tax paid
under protest must be brought within three months after the payment of the
tax, applies to an action for the amount of a special assessment so paid, such an
assessment being a "tax" within the meaning of the statute.

CONTRACT, by the owner of certain lots of land on Ivy Street
and Mountfort Street in Boston, for $3,988.26 paid by the
plaintiff under protest as assessments levied by the street com-
missioners on the plaintiff and other abutters for the construction
of those streets under St. 1892, c. 418, § 8, which was held to
be unconstitutional in *Lorden* v. *Coffey,* 178 Mass. 489, decided
on April 4, 1901, the first of the payments having been made on
June 21, 1899, and the last having been made on March 20,
1901.    Writ dated November 16, 1901.

In the Superior Court the case was submitted to *Schofield,* J.,
upon an agreed statement of facts.    He ordered that judgment
be entered for the defendant, and at the request of both parties
reported the case for determination by this court, such judgment
to be entered as law and justice required.

*R. Spring,* for the plaintiff.

*A. L. Spring,* for the defendant.

SHELDON, J.    The plaintiff's action was brought more than
seven months after the last one of the payments made by him to
the defendant on account of the assessments laid by the street
commissioners for the construction of Ivy and Mountfort Streets.
It is provided by R. L. c. 13, § 86, as follows: "No action to

recover back a tax shall be maintained, except as provided in section seventy-three, unless it is commenced within three months after payment of the tax nor unless such tax is paid either after an arrest of the person paying it, a levy upon his goods, a notice of a sale of his land, a protest in writing signed by him, or a withholding of money due to him under the provisions of section eighty-one." The defendant contends that by reason of this statutory inhibition the action cannot be maintained.

It is to be observed that this is not a mere statute of limitations. It establishes certain conditions precedent to the maintaining of an action to recover back a tax. One of these is in substance that the payment must have been made under protest or under certain modes of compulsion mentioned in the statute; the other is that the action shall have been brought within the time specified. Compliance with the latter of these conditions is no less essential to the right of action than compliance with the former. In this respect the statute is like that considered in *McRae* v. *New York, New Haven, & Hartford Railroad,* 199 Mass. 418. And this consideration is fatal to the plaintiff's case, unless we can adopt his contention that the statute does not apply to the prosecution of his claim. He rests this contention upon two grounds: First, that the provisions of the statute are not applicable to any tax or assessment which was laid under an unconstitutional statute, and which must be regarded as merely void; and secondly, that special assessments, such as are here in question, are not taxes within the meaning of that word as used in this statute.

1. The plaintiff's first contention is that the statute imposes conditions upon the bringing of actions in which it is sought to recover back taxes which are invalid by reason of some irregularity in the assessment, or because the person from whom the collection was made was not bound to pay the tax by reason of non-residence, or because some one of the purposes for which the tax was levied was improper, or by reason of some other similar irregularity. But he contends that a tax levied under an unconstitutional statute, being merely void, is no tax at all, and accordingly does not come within the words of a statute which provides for the collection of taxes and regulates the

right to recover back taxes which have been collected without right. But exactly the contrary of this contention was held in principle in *Barrett* v. *Cambridge*, 10 Allen, 48. The plaintiff in that case sought to recover back the amount of an assessment laid upon him for the grading of a street under a statute which was afterwards adjudged to be unconstitutional. He had paid the assessment upon demand to avoid proceedings against his property, although no process had then issued. It was held that he could not maintain his action because his payment must be deemed to have been voluntary under the laws regulating the collection of taxes. This was accordingly in reality an adjudication that the laws regulating the recovery back of a tax were applicable to an action for the recovery of a special assessment like that which is now before us levied under an unconstitutional statute. The same principle was applied in *Knowles* v. *Boston*, 129 Mass. 551. The assessment in that case was not indeed laid under an unconstitutional statute, but it was imposed by a board which had no jurisdiction to act in the matter and was as truly void as if it had been laid without any authority of law or under an unconstitutional act. But relief was refused to the plaintiff because he had not complied with the requirements of the statute then in force (Gen. Sts. c. 12, § 56), regulating the right to sue for the recovery back of taxes. It is especially illegal, invalid or void taxes which may be recovered back from a city or town in an action of contract. *Dorr* v. *Boston*, 6 Gray, 131. *Goodrich* v. *Lunenburg*, 9 Gray, 38. *Gerry* v. *Stoneham*, 1 Allen, 319. *Loud* v. *Charlestown*, 99 Mass. 208. *Smith* v. *Boston*, 194 Mass. 31. And it would seem to follow that a statute like this must prevent, after the lapse of the specified time, an action to recover back a tax which is void because laid under an unconstitutional statute as much as a tax which is void or can be avoided for any other reason.

Nor do we find anything in *Dexter* v. *Boston*, 176 Mass. 247, *White* v. *Gove*, 183 Mass. 333, or *Smith* v. *Boston*, 194 Mass. 31, to sustain this contention of the plaintiff. In *Dexter* v. *Boston* and *Smith* v. *Boston* no contention was made that the actions were not seasonably brought. The statements in these two cases that the assessments were absolutely void because they

were made under an unconstitutional statute and stood as if
there had been no statute, showed the reason for giving a right
of action; but it appeared or was assumed in each case that the
statutory preliminaries to the enforcement of this right of action
had been fully complied with, and the court made no intimation
that the plaintiffs in those cases were not bound to comply with
all the requirements of the statute. And we do not doubt that
if this plaintiff had followed the course taken in *White* v. *Gove,*
*ubi supra,* and allowed his lands to be sold for the payment of the
assessments, he might have avoided the title of a purchaser at
such sale. He preferred, however, to pay the assessments and
sue to recover them back. Just as, if he had chosen to allow
his lands to be sold for the assessments, he would have lost them
if he had failed to bring suit for their recovery within the pre-
scribed period of limitations and in the manner required by law,
so his right to maintain this action must depend upon his com-
pliance with the conditions imposed by the statute upon that
remedy.

2. But the plaintiff further contends that these assessments
were not taxes within the meaning of R. L. c. 13, § 86; that this
statute applies simply to actions for the recovery back of ordinary
municipal taxes imposed for the general purpose of raising a reve-
nue for the general public necessities, and does not include special
assessments for merely local improvements such as are here in
question. He has referred us to many decisions made under the
constitutions or laws of other States, in which the limited mean-
ing for which he contends has been applied to the words "tax,"
"taxes" or "taxation," when used in certain connections in those
constitutions and statutes. See for example *Illinois Central Rail-
road* v. *Decatur,* 147 U. S. 190; *Galveston* v. *Guaranty Trust Co.*
107 Fed. Rep. 325; *Sharp* v. *Speir,* 4 Hill, 76; *Herrman* v. *Gut-
tenberg,* 33 Vroom, 605; *Pray* v. *The Northern Liberties,* 31 Penn.
St. 69; *Mayor & City Council of Baltimore* v. *Green Mount Ceme-
tery,* 7 Md. 517; *Thompson* v. *Detroit,* 114 Mich. 502; *Lamar Water
& Electric Light Co.* v. *Lamar,* 128 Mo. 188; *Mayor & Aldermen
of Birmingham* v. *Klein,* 89 Ala. 461; *Charnock* v. *Fordoche Levee
Dist. Co.* 38 La. Ann. 323; *Sanders* v. *Brown,* 65 Ark. 498; *Hines*
v. *Leavenworth,* 3 Kans. 186; *Chambers* v. *Satterlee,* 40 Cal. 497;
*Smith* v. *Farrelly,* 52 Cal. 77; *Denver* v. *Knowles,* 17 Col. 204;

*Higgins* v. *Bordages*, 88 Texas, 458; *Allen* v. *Galveston*, 51 Texas, 302. And it is true that although the power to lay assessments of this kind is an exercise of the taxing power and such an assessment is included in the word " tax " used in a broad sense, yet they ordinarily are not spoken of as taxes. *Bridgeport* v. *New York, New Haven, & Hartford Railroad*, 36 Conn. 255. *State* v. *Newark*, 3 Dutch. 185, 190. *Pettibone* v. *Smith*, 150 Penn. St. 118. *Washington Avenue*, 69 Penn. St. 352, 359, 360. *Adler* v. *Whitbeck*, 44 Ohio St. 539. *City Council of Augusta* v. *Murphy*, 79 Ga. 101. *Peoria* v. *Kidder*, 26 Ill. 351. *Chicago* v. *Larned*, 34 Ill. 203. *Weeks* v. *Milwaukee*, 10 Wis. 242. *Peay* v. *Little Rock*, 32 Ark. 31.

But the question is as to the meaning of the word " tax " in our own statute, and we cannot gain much assistance from the decisions above referred to. This section is found in a chapter which deals with the collection of ordinary city and town taxes; and this circumstance is relied on by the plaintiff. But it is also provided in R. L. c. 50, § 10, that these assessments " shall constitute a lien upon the land assessed and shall be enforced in the manner provided for the collection of taxes." And see St. 1902, c. 521, § 1. This would seem to make the general rules prescribed in R. L. c. 13, applicable to the collection of these assessments. And § 86 of the latter chapter manifestly deals with the final collection of taxes, and *prima facie*, therefore, must be taken to have been intended to cover the recovery back of assessments as well as of ordinary taxes. And this court has so dealt with the matter, by applying the same rules to actions for the recovery back of both species of taxes. *Barrett* v. *Cambridge*, 10 Allen, 48, and *Knowles* v. *Boston*, 129 Mass. 551, already referred to. And in other decisions of this court the collection of these assessments and their recovery back have been treated as coming under the same rules as in the case of other taxes. Such assessments were called a mode of taxation and sustained as such in *Dorgan* v. *Boston*, 12 Allen, 223, 234. See also *Wright* v. *Boston*, 9 Cush. 233; *Prince* v. *Boston*, 111 Mass. 226, 231; *Bigelow* v. *Boston*, 123 Mass. 50, 52. Exemption from liability to such assessments has been discussed and decided upon the same principles that regulate exemption from ordinary taxation, either upon direct statutory provisions

or upon the general principles which are applicable alike to every mode of taxation. *Harvard College* v. *Aldermen of Boston*, 104 Mass. 470. *Boston* v. *Boston & Albany Railroad*, 170 Mass. 95, 98, and cases cited.

We are of opinion that it was the intention of the Legislature to include taxes or assessments of this kind under the general language of R. L. c. 13, § 86 ; and it follows that on the agreed facts judgment must be entered for the defendant.

*So ordered.*