PUMPHREY v. ROAD IMPROVEMENT DISTRICT
NO. 1, GRANT ·COUNTY.

Opinion delivered October 23, 1916.

1. ROAD DISTRICTS—POWERS OF COMMISSIONERS UNDER SPECIAL ACT.
   Act 177, of Acts of 1913, is complete in itself and is the grant of power
   for making an improvement in accordance with its terms in the dis-
   trict organized or created thereby, and no general law in force at the
   time of its enactment could have effect to enlarge its powers or in-
   crease the powers of the board of commissioners.

2. IMPROVEMENT DISTRICTS—ASSESSED BENEFITS—VALUE—VALIDITY.
   An improvement district is invalid where the cost of the improvement
   exceeds the assessed benefits accruing to the property because of
   the improvement.

3. IMPROVEMENT DISTRICTS—VALIDITY—VALUE OF BENEFITS. The
   property of an individual cannot be taxed for the construction of
   an improvement in excess of the estimated benefits accruing to the
   property, because of the improvement upon an assessment thereof
   duly made in accordance with law. ·

Appeal from Grant Chancery Court; *J. P. Hender-
son*, Chancellor; reversed.

STATEMENT BY THE COURT.

Appellant, a land owner, within Road Improve-
ment District No. 1, of Grant County, brought this suit
to enjoin said district from issuing additional bonds to
complete the proposed improvement.

The complaint alleges that the commissioners caused
an assessment of benefits to be made and confirmed,
amounting to $319,324 and had issued bonds for making
the improvement in the amount of. $175,000, which had
been sold and the proceeds used in the work of con-
struction; that the proceeds of the bonds sold will be
exhausted by the middle of September, 1916, leaving the
work incomplete; that the bonds already issued, with
the interest thereon, will consume or amount to the sum
of the assessments of benefits, except about $10,000, and
that appellee has entered into a contract, which is set
out, for the sale of additional bonds in the amount of not
less than fifteen nor more than thirty-five thousand dol-
lars; that if said bonds are issued and sold they will pass

into the hands of innocent holders, who will endeavor to subject the property of appellant to their payment and that same will constitute a cloud upon the title of his property, impair its value and prevent his making a sale thereof.

Prayer for a restraining order to prevent the district from issuing "additional bonds, which with the interest thereon, added to the bonds heretofore issued and the interest thereon will exceed the total amount of the assessments assessed against the district, etc."

A general demurrer was interposed to the complaint and sustained, and from the judgment dismissing it this appeal is prosecuted.

*E. M. Ross* for appellant.

The authority of the board of commissioners to borrow money and issue bonds therefor, and what they may pledge for the repayment of the money so borrowed, must be gathered from the Act creating the district. From section 15 of the Act it is plain that the board of commissioners can only pledge the assessments of benefits.

Act 177, Acts 1913, does not apply in this case. That act was clearly intended to amend the drainage district laws and provide the ways by which the cost construction of the ditches were to be paid for. See the Act and its title. The intention of the act must govern, and that is gathered from the Act taken in connection with its title and evident purpose. 86 Ark. 518; 106 Ark. 371; 117 Ark. 606; 102 Ark. 373, 144 S. W. 514. We think the phrase "and other improvement districts" used in section 10 of said Act 177, referred to other drainage districts, and was not intended to include road improvement districts. 36 Cyc. 1127.

*Rose, Hemingway, Cantrell, Loughborough & Miles* for appellee.

With reference to the interest, section 10 of Act 177, Acts 1913, is controlling in this case. It is a mistake to say that only the provisions of the special act creating the district are applicable. If this were so, all the law

applicable to any improvement district created by a special act would have to be embodied in that act, a requirement which would render all such acts of unwieldy bulk.

For convenience the General Assembly has enacted many general provisions for the construction of statutes. See chap. 148, Kirby's Dig., §§ 7790, 7791, 7794-5-6-7. Undoubtedly these provisions would apply to special acts.

There is no reason why a general act should not be passed governing all improvement districts, whether created under general laws or by special statutes. No matter how created, they necessarily have many features in common, and these features may be controlled by general acts. See 156 N. Y. 570, 51 N. E. 312, for an instance of a general statute being made applicable to all future legislation not inconsistent therewith.

The canons of construction laid down by this Court make it plain that appellant's effort to eliminate the words "and other improvement districts" must be unavailing. See 2 Ark. 250; 11 Ark. 44; 15 Ark. 555; 17 Ark. 651; 28 Ark. 203; 71 Ark. 561; 38 Ark. 205; 109 Ark. 60. From these rules of construction, it is plain that some effect must be given to the words "and other improvement districts," and the only effect which can be given them is to make them apply to all other improvement districts of whatsoever nature.

There is no reason for interpreting this statute contrary to its express words. 46 Ark. 159-163; 47 Ark. 406; 93 Ark. 42.

Kirby, J. (after stating the facts). The road improvement district was created by Special Act No. 48, of the Acts of the General Assembly of 1915, page 136. The only provision of said act relating to interest is contained in Section 15, which provides: "In order to do the work, the board may borrow money at a rate of interest not exceeding 6% per annum; may issue negotiable bonds therefor signed by the members of the board and may pledge, assign and mortgage all assessments for the

repayment thereof. It may also issue to the contractors who do the work, its negotiable evidence of debt, bearing interest at not exceeding 6%.''

It is contended for the improvement district, however, that the assessed benefits bear interest at the rate of 6% per annum under the provisions of Section 10 of Act 177 of the Acts of the General Assembly for 1913, which provides that the deferred installments of the assessed benefits in drainage and other improvement districts, shall bear interest at the rate of 6% per annum.

(1) There is of course no merit in this contention. Said Special Act is complete in itself and is the grant of power for making the improvement in accordance with its terms in the district organized or created thereby and certainly no general law in force at the time of its enactment could have effect to enlarge its powers or increase the powers of the board of commissioners.

There is no question involved here as in *Hampton v. Hickey*, 88 Ark. 324, of the implied repeal by a later general law granting enlarged powers of a former special act, under which only restricted powers were granted.

(2) Improvement districts have invariably been held invalid when it appeared that the cost of the improvement exceeded the assessed benefits accruing to the property because of the improvement. *Kirst v. Street Imp. Dist.*, 86 Ark. 1; *Thibault v. McHaney, Receiver*, 119 Ark. 196.

(3) In other words, under our Constitution, the property of an individual cannot be taxed for the construction of an improvement in excess of the estimated benefits accruing to the property, because of the improvement upon an assessment thereof duly made in accordance with law. *Peay v. City of Little Rock*, 32 Ark. 31-39; *Coffman v. St. Francis Drainage Dist.*, 83 Ark. 54; *Kirst v. Street Imp. Dist.*, *supra.*

The demurrer concedes that the commissioners of the improvement district had contracted for the sale of additional bonds for completing the improvement, which they were about to issue in a sum, which added to the amount of the original bonds with interest, would exceed

the benefits assessed against the property in the district. Such action was in excess of their power and the court erred in sustaining the demurrer. The judgment is reversed and the cause remanded with instructions to overrule the demurrer and for further proceedings according to law not inconsistent with this opinion.