JAMES M. FOLAN & another, trustees, *vs.* INHABITANTS
OF DEDHAM.

Norfolk.     January 12, 1927.— May 18, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Tax*, Betterment.  *Statute*, Revision.

On February 21, 1917, when R. L. c. 48, §§ 65, *et seq.*, were in force, the
selectmen of a town laid out a highway and three days later filed the
layout with the clerk.  On April 7, 1919, when St. 1917, c. 344, Part
III, was in force, the town accepted the layout.  Construction was
completed on December 8, 1920, and, on February 24, 1921, after the
General Laws went into effect, the selectmen made an order assessing
betterments on account of the construction of the highway.  At the
hearing of a petition filed in the Land Court under G. L. c. 185, § 114,
for cancellation of a memorandum of the order for the assessment upon
a certificate of registered title, there was no contention that the way
was not properly laid out as a public way under the statutes in force
before the enactment of the General Laws.  It appeared that the order
for the assessment complied with and purported to be made in accord-
ance with the provisions of G. L. c. 80, so far as they relate to the actual
assessment of betterments after the work is finished, as distinguished
from their requirements in the matter of the laying out of ways.  The
judge dismissed the petition.  *Held*, that
  (1)  The validity of the layout was protected by St. 1917, c. 344,
Part VIII, § 2;
  (2)  While the laying out of the way with an order for the assessment
of betterments was made in compliance with the law in force when the
layout was made and accepted, in the circumstances the assessment
properly was made under G. L. c. 80;
  (3)  As the assessment was within the jurisdiction of the board of
selectmen and was made after compliance with the requirements of
the statutory conditions, it gave rise to a lien on the petitioners' land
and the memorandum was properly retained upon their certificate of
title.

PETITION, filed in the Land Court on December 29, 1925,
by the trustees of the Charles River Hillside Trust and
described in the opinion.

The petition was heard in the Land Court by *Davis*, J.,
upon an agreed statement of facts.  Material facts are
stated in the opinion.  The judge ordered the petition
dismissed.  The petitioners appealed.

*G. F. Williams,* for the petitioners.

*W. H. Hitchcock,* for the respondent.

SANDERSON, J.   This is a petition, filed in the Land Court
under G. L. c. 185, § 114, for cancellation of a memorandum,
upon the petitioner's certificate of title, of an order of the
town of Dedham for a betterment assessment based on the
laying out and construction of a highway in that town.   The
case was presented to that court upon an agreed statement
of facts, and the petitioners have appealed from an order
denying their petition.

The original layout of the highway was made by the
selectmen on February 21, 1917, and filed with the town
clerk three days later.   The governing statute then was
R. L. c. 48, §§ 65, *et seq.*   This layout was accepted by the
town on April 7, 1919.   The statute then in force relating
to the assessment of betterments was St. 1917, c. 344, Part
III.   The work of constructing the street was completed
December 8, 1920, and on February 24, 1921, the selectmen
made an order assessing betterments on account of the
construction of this highway.   The statute in force at the
time of this order was G. L. c. 80, which became effective
January 1, 1921.   The petitioners' contention is, that better-
ments cannot be assessed under G. L. c. 80, because the pro-
visions of that statute, requiring in connection with the
laying out of a way, among other things, a description of the
determinable area to be benefited, the recording of the order,
plan and estimates, had not been complied with; and that the
town as a condition to the assessment of these betterments
should have made a new layout in accordance with the
provisions of that statute.

G. L. c. 80, §§ 1, 2, relate, in part, to the manner in which
ways are to be laid out in case betterments are to be assessed,
and, in part, to the manner in which the assessment of those
betterments is to be made.   It was said in *Bigelow* v. *Boston,*
123 Mass. 50, 52, when the court was considering an earlier
statute, "The assessment of betterments is not a part of the
proceedings of laying out or widening a street, but is a new
and independent proceeding, of an entirely different char-
acter, being the assessment of a tax."   The liability of the

petitioners to be assessed for benefits received by them accrued on April 7, 1919, when the town accepted the layout of the way. *Jones* v. *Aldermen of Boston,* 104 Mass. 461, 465. *Hitchcock* v. *Aldermen of Springfield,* 121 Mass. 382, 384. *Jewett* v. *Mayor of Medford,* 233 Mass. 65, 66. There is no contention that the way in question was not properly laid out as a public way under the statutes in force before the enactment of the General Laws, nor that the provisions of R. L. c. 50, or St. 1917, c. 344, were not complied with.

The statute relating to assessment of betterments remained without substantial change from the time the way was laid out until January 1, 1921. G. L. c. 281, § 4, provides, with reference to the effect of repeals made by that revision, that "The repeal of a law by this act shall not affect any . . . liability incurred, or any right accrued . . . before the repeal takes effect, but the proceedings in such case shall, when necessary, conform to the provisions of the General Laws." It would seem that this provision was broad enough to give the respondent the right to assess betterments upon the land of the petitioners under the statutes as they existed before January 1, 1921, but the respondent, in assessing the betterments in this case, purported to act under G. L. c. 80. Because of the conclusion which we have reached, it is unnecessary to decide whether, if there were error in referring to the statute under which the assessment was made, it could be considered immaterial. See *Jones* v. *Aldermen of Boston, supra,* page 470.

The validity of the layout is protected by the continuance in force of St. 1917, c. 344, Part VIII, § 2, which provides in part, that "The repeal of a law by this act shall not affect any act done, ratified or confirmed, or any right accrued or established, or any action, suit or proceeding begun under any of the laws repealed before the repeal took effect, but the proceedings in such case shall thereafter, so far as practicable, conform to the provisions of this act." See G. L. c. 282; c. 281, § 4. The provisions of G. L. c. 80, in so far as they relate to the laying out of ways, cannot apply to this case, the layout having been accepted and the construction completed before the law went into effect. The laying

out of the way with an order for the assessment of better-
ments was made in compliance with the law in force when
the layout was made and accepted, St. 1917, c. 344, Part III,
but the assessment could properly be said to be made under
G. L. c. 80, if the part of that chapter relating to the final
order of assessment after the completion of the work has
been complied with.

The order of February 24, 1921, declared that within two
years next preceding that date the layout was accepted; that
the work of constructing the way had been completed at a
cost of $10,500; that in the opinion of the board the parcels
of real estate therein mentioned had received a special
benefit, the total of which is found to be $5,670, and a pro-
portional part of this benefit is assessed upon various parcels
of land set forth with the names of their supposed owners.
It also appears that the order was made within six months
from the completion of the improvement. This order com-
plies with the terms of G. L. c. 80, so far as they relate to the
actual assessment of betterments after the work is finished
as distinguished from their requirements in the matter of the
laying out of ways. As the assessment was within the juris-
diction of the board of selectmen and was made after com-
pliance with the requirements of the statutory conditions,
it gave rise to a lien on the petitioners' land and the memo-
randum was properly maintained upon their certificate of
title.

All questions argued have been considered and the decision
denying the petition is affirmed.

*So ordered.*