Keniston, C. J.
The plaintiff in this action seeks to recover from the defendant $1,542.78 with interest thereon out of $4,010.28 paid by the plaintiff to the defendant to redeem the plaintiff’s estate at 17-21 Hanover Street, Boston, from a tax title held by the defendant. The sum of $1,542.78 is the amount of the alleged water liens with interest and costs thereon included in the total amount claimed by, the defendant under its tax title.
The matter was presented upon a case stated. The trial judge found for the defendant. The question raised by the report is whether the trial judge was correct in finding for the defendant. Redden v. Ramsey, 309 Mass. 225, 227. Antoun v. Commonwealth, 303 Mass. 80, 81.
*91 The tax title when redeemed by the plaintiff included taxes assessed in the years 1938, 1939, 1940 and 1941. The 1938 tax included the unpaid 1936 water bills with interest and costs thereon. The 1939 tax included the unpaid 1937 and 1938 water bills with interest and costs thereon. The 1940 tax included the unpaid 19391 water bills with interest and costs thereon.
Between December 10, 1935 and February 7, 1939 the premises 17-21 Hanover Street, which consists of a parcel of land with a three story building thereon, was owned by Boston Community Centre, Inc., of the Volunteers of America and Robert I. Hunneman, each of whom owned an undivided half interest. Between February 7, 1939 and October 17, 1940 the entire estate was owned by Robert I. Hunneman. By deed executed October 17, 1940 and recorded October 23, 1940 Robert I. Hunneman conveyed the entire estate to the plaintiff which retained title until August 29,1945.
Adjoining the premises 17-21 Hanover Street is another parcel of land with a six-story building thereon numbered 25-33 Hanover Street. Since March 31, 1934 the estate at 25-33 Hanover Street has been owned by the Boston Community Centre, Inc., of the Volunteers of America.
During the period from December 10, 1935 to October 25, 1939 the premises at 17-21 Hanover Street were vacant except at such times as they were occupied by the Boston Community Centre, Inc., of the Volunteers of America.
For about ten years prior to December 31,1930, R. Mars-ton Company was the lessee of both the premises at 17-21 and 25-33 Hanover Street and operated a single restaurant occupying both buildings which were supplied by the defendant with water through a single meter located at 33 Hanover Street. When R. Marston Company vacated both estates on December 31, 1930 all plumbing fixtures except *92 several toilets and washbowls were removed from the building at 17-21 Hanover Street. From December 26,1920 until August 29, 1945, there was no water meter on the estate 17-21 Hanover Street and the system of water pipes in the building 17-21 Hanover Street was not directly connected with the defendant’s water mains. Between December 10, 1935 and February 7, 1939 the system of water pipes in the building 17-21 Hanover Street was connected with the system of water pipes in the building at 25-33 Hanover Street ; and whatever water, if any, was used on the estate 17-21 Hanover Street was obtained through that connection. On February 7, 1939 the connection between the two systems was broken.
The estate 17-21 Hanover Street was duly assessed as of January 1, 1938 to Robert I. Hunneman and to the real estate tax thereon was added the 1936 water bills with interest and costs. On June 20, 1938 the Assessors committed the total thereof to the Collector of Taxes. On April 15, 1939 one thousand dollars was paid on account of the total due. . April 24, 1940 the Collector took for the city the real estate at 17-21 Hanover Street because of the nonpayment of the balance of said total and the instrument of taking was duly recorded. In connection with the tax title so acquired by the city there was forthwith set up on the books of the city in the possession of the City Treasurer a tax title account for the estate 17-21 Hanover Street. The tax for the year 1939 with the unpaid water bills for the years 1937 and 1938 with interest and costs thereon were added thereto and the total of these sums were certified to the Tax Collector and were added to the tax account. Again in the year 1940 the tax for that year with the water bills for the year 1939 was similarly certified to the Tax Collector and added to the tax account.
*93 November 5,1942 the tax title held by the city not having been redeemed the city filed a petition in the Land Court to foreclose all rights of redemption thereunder. On December 1, 1942 citation issued returnable December 28, 1942 notifying the plaintiff of the pendency of the petition. The citation 'was served upon the plaintiff December 3, 1942. On December 11,1942 an appearance was filed for the plaintiff, but no answer was ever filed. About December 10, 1942 the President of the plaintiff corporation wrote to the Corporation Counsel of the defendant inquiring the amount due upon the tax title and thereafter on January 11, 1943 sent a check for the full amount claimed by the defendant which included the portion of the account for water liens with interest and costs and the defendant gave the plaintiff a receipt and an instrument of tax redemption, and on motion of the defendant the petition was withdrawn January 19, 1943.
When redemption was tendered, neither the treasurer of the city nor any of his subordinates knew of any fact impeaching the validity of any of the water liens scheduled; nor did counsel for the city, nor the plaintiff nor any of its agents, know of any such fact; and, at that time, neither the treasurer of the city nor the plaintiff nor its agents was of opinion that there had been error or irregularity which was substantial or misleading in the amount of any items of water rates or charges, or interest thereon or costs relative thereto, included in the tax title account, or in connection with the proceedings with respect to any of them.
When redemption was tendered the plaintiff believed there was a water meter on the estate at 17-21 Hanover Street and that the water bills scheduled were for water supplied to and for the estate at 17-21 Hanover Street. On or about April 16, 1943 the plaintiff learned for the first time *94 that there was no water meter on the estate at 17-21 Hanover Street and that the water bills included in the tax title were for water supplied through the meter upon the estate at 25-33 Hanover Street. The plaintiff forthwith- notified the defendant of the mistake and demanded that the defendant refund the amount of the water bills so scheduled, but the defendant has refused to refund that amount and this action was brought by writ dated September 26, 1945.
The water liens for the year 1936 never attached because ■the lien statement was not seasonably filed. The lien statements for the years 1937, 1938 and 1939 never took effect because the lien statements for those water bills did not contain the name of the owner of record of the estate at 17-21 Hanover Street on January first of the year in which those lien statements were filed.
The water bills with interest and costs included in the tax account paid by the plaintiff to redeem the tax title amounted to $1,542.78.
The provisions of Gen. Laws (Ter. Ed.) chap. 40, secs. 42A to 42F1, inclusive, -with the amendments thereto, the so-called Water Lien Statute, have been accepted by the defendant and are applicable. .
Briefly stated the defendant has charged to the plaintiff’s premises 17-21 Hanover Street, all of the bills for water furnished through the water meter located on the premises 25-33 Hanover Street for the years 1936, 1937, 1938 and 1939 although little if any of the water was consumed on the plaintiff’s premises and has added these water bills with interest and costs thereon to the tax bills on the plaintiff’s premises as if they were valid water liens although the water liens had never attached.-
Gen. Laws (Ter. Ed.) chap. 60, sec. 98 provides: “No action to recover back a tax shall be maintained except as provided in secs. 60 and 85 unless commenced within three *95 months after payment of the tax, nor unless such tax is paid either after an arrest of the person paying it, a levy of his goods, a notice of a sale of his land, a written protest signed by him or a withholding of money due him under sec. 93. In an action founded on error or irregularity in the assessment of a proportion of the tax only the money in excess of the tax for which the plaintiff was liable shall be recoverable; and no sale, contract or levy shall be avoided solely by reason of such error or irregularity.” This action was not brought by the plaintiff until September 26, 1945, more than three months after its payment on January 11,1943 to the defendant of the amount required, to redeem the tax title.
The plaintiff contends that this section is inapplicable because the payment it seeks to recover whether water rates or overpayment of the amount necessary to redeem a tax title was not the payment of a tax. It relies upon the principle that a “water lien is neither a tax nor a special assessment for particular benefits. It is a method of securing the collection of a charge arising from the use of real estate of a public utility essential to the health and safety of the community.” Loring v. Commissioner of Public Works, 264 Mass. 460, 465. Mechanics Savings Bank v. Col. of Taxes, 299 Mass. 404, 407.
The so-called Water Lien Statute, secs. 42A to 42F, chap. 40 of Glen. Laws (Ter. Ed.) as amended by chap. 248 of 1935 and chap. 42 of 1936 provides that (42A) if the rates and charges are not paid within 60 days after their due date the sum shall be a lien upon the real estate, (42B) upon the filing for record in the Registry of Deeds where the real estate lies of a statement that the rates and charges for water have remained unpaid for sixty days, that the lien shall continue for two years from the first of October next following, but may be dissolved by filing for record of a cer *96 tificate that all rates and charges have been paid or abated, that (420) within a reasonable time after filing such statement for record the board or officer in charge of the water department shall certify the unpaid account to the assessors who shall forthwith commit such account with their warrant to the collector and the collector shall forthwith send notice in accordance with sec. 3 of chap. 60- (notice of other taxes) to the person designated in such warrant as the owner of record, that the collector shall have the same powers and be subject to the same duties with respect to such unpaid accounts as in the case of annual taxes upon real estate and the provisions of law relative to the collection of annual taxes, the sale of land for the nonpayment thereof and the redemption of land so sold shall apply to these unpaid accounts, that (42D) any such account so certified to the assessors and by them committed to the collector which remains unpaid as certified by him shall be added by the assessors to the next annual tax and recommitted to the collector and that (42E) an owner of real estate may apply within thirty days after demand for an abatement of water charges by petition to the board or officer of the water department and if the petition is denied in whole or in part may appeal to the board of tax appeals upon the same terms and conditions as a person aggrieved by the refusal of the assessors to abate a tax.
It would seem that even though a water lien is not a tax in the same sense as annual taxes on real estate or special assessments for betterments that these provisions of the Water Lien Statute intended that water liens after certification to the assessors and commitment to the collector of taxes shall become a part of the tax and shall be collected in the same manner as other taxes and that the other provisions of the statute relating to the collection of taxes, insofar as the same are not inconsistent with these pro *97 visions of the Water Lien Statute and other provisions of the statutes relating thereto, do apply and that sec. 98 of chap. 60 is applicable.
This same contention was urged in reference to special assessments in the case of Wheatland v. Boston, 202 Mass. 258 and the court there held that although special assessments were not taxes in the same sense as annual assessments on real estate that the provisions of the statutes that these assessments “shall constitute a lien upon the land assessed and shall be enforced in the manner provided for the collection of taxes” made the provisions of sec. 86 of chap. 13 of the Revised Laws (the same as Glen. Laws (Ter. Ed.) of chap. 60', sec. 98) applicable and must be taken to have intended to cover the recovery back of such special assessments as well as ordinary taxes.
The plaintiff also contends that the provisions of sec. 4 of chap. 380 of the Acts of 1941 amending see. 42D that “if the property to which the account relates is tax exempt the account shall be committed as the tax” and that “except as otherwise provided the provisions of chaps. 59 and 60 shall apply, so far as pertinent, to any unpaid account certified to the assessors hereunder ’ ’ were not in effect at the time the water accounts were added as a part of the tax and indicate that prior to this amendment water liens were not be considered as a tax. We do not think this contention is sound. We feel that these were merely perfecting amendments and were not intended as substantive changes and that the prior provisions of the section intended that water liens should be dealt with as other taxes and furthermore this amendment was in effect prior to the date of payment.
The plaintiff further contends that all charges were for water furnished through a meter on the premises 25-33 Hanover Street and not on the premises of the plaintiff and *98 as the liens never attached these were invalid charges and could not therefore legally become a part of the tax.
This same contention was also urged with reference to the special assessment in the case of Wheatland v. Boston, 202 Mass. 258 supra where the special assessment was levied under an unconstitutional statute and in the decision it is said that “it is especially illegal, invalid or void taxes which may be recovered back from a city or town in an action of contract” and that “it would seem to follow that a statute like this (sec. 98 of chap. 60) must prevent after the lapse of time, an action to recover back a tax which is void, because laid under an unconstitutional statute, as much as a tax which is void or can be avoided for any other reason and the decision cites the cases of Barrett v. Cambridge, 10 Allen 48 an assessment under an unconstitutional statute and Knowles v. Boston, 129 Mass. 551 an assessment imposed by a board which had no authority.
Section 98 of chap. 60 is not a statute of limitations but “it establishes conditions precedent to the maintaining of an action to recover back a tax.” Wheatland v. Boston, 202 Mass. 258, 259 supra.
The plaintiff having failed to bring this action within three months after payment of the tax cannot maintain this action.
The trial judge was not in error in finding for the defendant. Report dismissed.