Riley, P. J.
The plaintiffs bring this action of contract to recover a tax alleged to have been erroneously assessed by the defendant City and paid by them. The judge found that by mistake the defendant City assessed the plaintiffs during the years 1941 through 1947 for a non-existent garage'; that the over-payment because of the error in the assessment for these years amounted to a total of ninety-six dollars ($96.). He found that the plaintiffs had no knowledge of the assessment until it appeared itemized on their 1947 tax bill. He further found that the taxes were paid without protest and that this action was not commenced within three months after payment of the tax; that the plaintiffs had not complied with the provisions of G. L. c. 60, § 98 and found for the defendant. He declined to give rul *35 ings requested by the plaintiffs that there was evidence to warrant a finding in their favor and that they were entitled to the finding as a matter of law because they had not complied with the provisions of the above statute. At their request he ruled that there was sufficient evidence to warrant a finding that the assessments were illegal and void but ruled that the said statute still precluded them from recovering. He granted the following request filed by the defendant :
“On all the evidence considered most favorably to the plaintiff, a finding for the plaintiff cannot be made as a matter of law, because it does not show compliance by the plaintiff with the requirements of Gt. L., Chapter 60, Section 98,. and the plaintiff, therefore, is barred from recovery. ’ ’
G. L., c. 60, § 98 provides as follows:
“No action to recover back a tax shall be maintained, except as provided in sections sixty and eighty-five, unless commenced within three months after payment of the tax nor unless such tax is paid either after an arrest of the person paying it, a levy on his goods, a notice of a sale of his land, a written protest signed by him, or a withholding of money due- him under section ninety-three.”
Sections sixty and eighty-five, above mentioned, relate to payment of taxes by persons other than the owner of the fee and payment of taxes by co-tenants and have no application to the case at bar. In Wheatland v. Boston, 202 Mass., 258, in construing this statute which was substantially the same as at present, the Court said at page 259:
“It is to be observed that this is not a mere statute of limitations. It establishes certain conditions precedent to the maintaining of an action to recover back a tax. *36 One of these is in substance that the payment must have been made under protest or under certain modes of compulsion mentioned in the statute; the other is that the action shall have been brought within the time specified. Compliance with the latter of these conditions is no less essential to the right of action than compliance with the former.”
In view of the judge’s finding that this action was not commenced within three months after payment of the tax, this decision is conclusive against the plaintiffs’ right to recover irrespective of whether the payment was made under protest or compulsion or through mistake.
There was no error in the rulings of the trial judge and the report is to be dismissed.