## CITY OF SOMERVILLE *vs.* CITY OF WALTHAM.

Middlesex.     November 9, 1897. — January 8, 1898.

Present: KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Ownership by City of Land in another City — Exemption from Taxation.*

Land purchased by a city within the limits of another city for the purpose of obtaining therefrom gravel for the construction and repair of streets in the city so purchasing, and thereafter used for that purpose, is appropriated to a public use and is exempt from taxation.

CONTRACT, to recover the amount of a tax assessed by assessors of the defendant city upon the plaintiff city, and alleged to have been paid under a protest in writing. The case was submitted to the Superior Court, and, after judgment for the plaintiff rendered by *Bond*, J., to this court, on appeal, upon agreed facts, the nature of which appears in the opinion.

*J. L. Harvey*, for the defendant.

*S. Z. Bowman*, for the plaintiff.

LATHROP, J.    There is nothing in our statutes to prevent a city or town from acquiring by purchase land in another city or town for municipal purposes, if it is necessary or expedient for the interests of its inhabitants to do so.    Indeed, the statutory provisions which give the right of taking land for gravel and clay pits by the right of eminent domain within the limits of the city or town exercising this right clearly recognize the right of one municipality to own land in another, by confining its right to take land " not appropriated to public uses or owned by any other city or town."    Pub. Sts. c. 49, § 99.

While there is no specific exemption from taxation in the Pub. Sts. c. 11, § 5, of the property of counties or municipal corporations, yet it is well settled that such property when appropriated to public uses is exempt from taxation.    *Wayland* v. *County Commissioners,* 4 Gray, 500.    *Worcester* v. *Worcester,* 116 Mass. 193.    See also *Essex* v. *Salem,* 153 Mass. 141.    The same rule of law prevails in other jurisdictions.    *West Hartford* v. *Water Commissioners,* 44 Conn. 360.    *Rochester* v. *Rush,* 80 N. Y. 302.    *People* v. *Brooklyn,* 111 N. Y. 505.    *Public Schools* v. *Trenton,* 3 Stew. (N. J.) 667, 681.    *State* v. *Gaffney,* 5 Vroom, 131.    *State* v. *Hotaling,* 15 Vroom, 347.

As the land in question was purchased for the purpose of obtaining therefrom gravel for the construction and repair of streets in the plaintiff city, and has since been used for that purpose, we have no doubt that it is appropriated to a public use, and is exempt from taxation.

The fact that from 1877 to 1891, including both the years named, the plaintiff allowed the land to be used for pasturage, and received compensation therefor, is immaterial in this case. The tax in question here is for the year 1893, when the land was used entirely for public purposes.

The judgment of the Superior Court must therefore be

*Affirmed.*