## GORDON DEXTER *vs.* CITY OF BOSTON.

Suffolk.    March 9, 1900. — May 22, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Statute — Constitutional Law — Contract to recover a Portion of Sewer Assessment — Action — Remedy.*

In determining whether a statute is unconstitutional, the question is not whether the result is harmful in the particular case, but whether the statute, according to its terms, will violate the provisions of the Constitution in its application to cases which may be expected to arise.

An assessment under St. 1892, c. 402, entitled "An Act relating to sewers in the city of Boston," being required to be made according to the lineal measurement of the land along the sewer, that parcel, which receives but slight additional benefit from a turn in the sewer, is doubly assessed; and the statute in this respect is unconstitutional.

The decision in *Weed* v. *Boston*, 172 Mass. 28, as to the unconstitutionality in certain respects of St. 1892, c. 402, entitled "An Act relating to sewers in the city of Boston," is reaffirmed.

An assessment under St. 1892, c. 402, relating to sewers in the city of Boston, being void, and the payment by the plaintiff having been induced by compulsory process and made under protest, it may be recovered back in an action of contract; and the fact that the collection was made under St. 1891, c. 323, §§ 16, 18, by adding part of the assessment to the general tax of the plaintiff, does not affect his right.

CONTRACT, to recover a portion of an assessment levied for the construction of a sewer in the city of Boston. At the trial in the Superior Court without a jury, before *Fessenden*, J., the case was submitted on an agreed statement of facts, in substance as follows.

The plaintiff, on December 30, 1893, January 31, 1894, and May 29, 1895, and at the time of the bringing of his writ, was the owner of a large tract of vacant land situated on Commonwealth Avenue, a public highway, and on Malvern, Gardner, and Ashford Streets, private ways in that part of Boston called Brighton. Gardner Street was laid out in 1892 by the plaintiff as a private street, and its location, width, and grades were approved by the board of street commissioners on September 7, 1892, under the provisions of St. 1891, c. 323, but the street has been rough-graded only. At the time of the taking for the construction of the sewer, said tract of land was adapted for

moderate priced dwelling-houses, and when filled to grade of surrounding streets will be well adapted for an expensive class of dwelling-houses, and it was worth at the time the sewers were ordered constructed from twenty-five cents to one dollar per square foot, depending upon location and grade. By an order of the board of aldermen, duly approved by the mayor on December 30, 1893, it was adjudged necessary for the public convenience that a common sewer should be laid in Commonwealth Avenue, beginning at a point about five hundred and fifteen feet east of Malvern Street, and a point about one hundred and sixty feet west of Harvard Avenue. Work was commenced on the sewer on January 8, 1894, and it was completed on May 4, 1894 ; and on May 25, 1895, the superintendent of streets determined the assessments on the land of the petitioner abutting on the line of the sewer to be $1,169.72, said assessment being at the rate of $2.245 per front foot. On January 31, 1894, by an order of the board of aldermen, duly approved by the mayor, it was adjudged necessary for the public convenience that a sewer should be laid between Commonwealth Avenue and Salt Creek outlet, so called, through said land of the plaintiff, through a portion of Ashford Street, the fee of which was owned by the plaintiff and by one Grace, and also through land of Grace ; and it was ordered that land of the plaintiff and Grace be taken for the purpose. The city, in compliance with the order, took from the plaintiff a strip of land ten feet in width running from Commonwealth Avenue to Ashford Street for a distance of six hundred and forty-nine feet, including the width of the proposed Gardner Street, which was laid out fifty feet wide. On January 6, 1896, the land of the plaintiff was plotted by the board of street commissioners under the provisions of St. 1891, c. 323, and a proposed street was laid out over the land taken by the city for the construction of the sewer, the sewer being in the centre of the proposed street.

The city also took from the plaintiff and Grace a strip of land ten feet wide running through the private way called Ashford Street for a distance of about two hundred and eighty-seven feet, and constructed therein the sewer, which was completed on May 4, 1895. On May 29, 1895, the superintendent of streets determined the assessment for the cost of the construction of the

sewer on the land of the plaintiff as follows: For his frontage of three hundred and four feet on the east side of the taking between Commonwealth Avenue and the proposed Gardner Street, $723.68; for his frontage of three hundred and four feet on the west side of the taking between Commonwealth Avenue and said Gardner Street, $723.68; for his frontage of two hundred and ninety-four feet on the east side of the taking between the proposed Gardner Street and Ashford Street, $699.88; for his frontage of two hundred and ninety-four feet on the west side of the taking between Gardner and Ashford Streets, $699.88; and for his frontage of two hundred and fifty-five and twenty-five one-hundredths feet on the south side of Ashford Street, $607.63. The total assessment of the plaintiff's land on account of said sewer was $3,454.75, and the plaintiff's total frontage assessed was one thousand four hundred and fifty-one and twenty-five one-hundredths feet. The last tract referred to was assessed both for the frontage on the ten foot strip and for the frontage on Ashford Street. The cost of the sewer was $12,811.85, it being one thousand three hundred and thirteen and eighty one-hundredths feet in length. The cost assessed on the various owners was $5,255.20, and the rate per front foot was $2.38. Due notice of these several assessments was furnished the plaintiff, and a separate bill for the assessment on each tract of the plaintiff's land was rendered to the plaintiff. None of the assessments so levied having been paid, the board of assessors, acting under the provisions of law, included in the plaintiff's tax bill issued for the taxes on the land of the plaintiff for the year 1897 a sum equal to nine per cent of the assessments of said lots for said sewers, together with one year's interest on the whole amount of said assessments at five per cent per annum, amounting in the whole to $663.93. The plaintiff, upon demand by the collector, paid said sum to the collector. The board of assessors included in the plaintiff's tax bill issued for taxes on the land of the plaintiff for the year 1898 a further sum of $663.93, being nine per cent of the amount of the assessments, together with one year's interest on the whole amount of the assessments at five per cent per annum. On or about October 1, 1898, the city collector demanded payment of the tax bill, including the sum of $663.93, last mentioned, and on October 31, 1898, the plaintiff paid said sum to the collector under

protest in writing. Of the sum of $663.93, the sum of $197.54 was on account of the assessment for the sewer first mentioned, ordered constructed December 30, 1893, and the sum of $466.39 was on account of the assessment for the second sewer, ordered constructed January 31, 1894. The plaintiff seeks to recover only the said sum of $466.39, paid on account of the assessment for the construction of the second sewer. This was a large brick sewer measuring thirty inches by forty-five inches, and was part of a large main sewer designed principally for draining a considerable territory situated at some distance from the plaintiff's land. That portion of the plaintiff's land on the west side of the taking could be drained into the sewer. Of the plaintiff's land on the east side of the taking, a large part was below the level of the sewer, particularly near Commonwealth Avenue, where the surface of the plaintiff's land was at least twelve feet below the surface of Commonwealth Avenue and several feet below the bottom of the sewer. The sewer could be used for draining the plaintiff's land on the east side of the taking only after the land had been filled in. Taking into consideration all possible drainage into the sewer from the plaintiff's land, the sewer was very much larger and more costly than was necessary for the drainage of the plaintiff's land alone. The plaintiff's land had not been developed by the laying out of streets, and was not divided into building lots. Much of it could be made available for building purposes only by filling it in. When divided into building lots, these lots would necessarily differ greatly in size and shape, and would also differ greatly in value, as that portion of the plaintiff's land near the proposed Gardner Street was worth very much less than the portions nearer Ashford Street and Commonwealth Avenue.

The judge found for the defendant, and reported the case for the consideration of this court. If the plaintiff was entitled to recover, judgment was to be entered for him for $466.39, with interest from November 2, 1898; otherwise, judgment was to be entered for the defendant.

*J. Lowell & H. H. Darling,* for the plaintiff.

*S. M. Child,* for the defendant.

KNOWLTON, J. In its essential features this case is like *Weed* v. *Boston,* 172 Mass. 28, in which it was held that St. 1892,

c. 402, is unconstitutional in its requirement that all expenses incurred in the making of a sewer in a highway or strip of land or other place in the city of Boston, to an amount not exceeding four dollars for each lineal foot of sewer, shall be repaid to the city as the assessable cost of the work, by the owners of the several parcels of land bordering on the highway or strip of land in which the sewer is made, and in its direction that this assessable cost shall be apportioned to each parcel in proportion to the number of lineal feet which it measures on said highway or strip of land.

It is now settled law in this court, as it is in the Supreme Court of the United States, and in many other courts, that after the construction of a public improvement a local assessment for the cost of it cannot be laid upon real estate in substantial excess of the benefit received by the property. Such assessments must be founded on the benefits, and be proportional to the benefits. So far as there is anything in the early cases which seems at variance with this doctrine, it is controlled by the later decisions. *Boston* v. *Boston & Albany Railroad,* 170 Mass. 95. *Weed* v. *Boston,* 172 Mass. 28. *Sears* v. *Boston,* 173 Mass. 71. *Sears* v. *Street Commissioners,* 173 Mass. 350. *Norwood* v. *Baker,* 172 U. S. 269. The principle involved has been so recently and so fully considered in the cases above cited that it is unnecessary to discuss it at length in this opinion. It was shown in *Weed* v. *Boston* that, as applied to the facts of that case, and of many supposable cases, the requirements of the statute might produce assessments upon some estates greatly in excess of the benefits received, and, as compared with other estates, greatly disproportionate to the benefits. For this reason the statute was declared unconstitutional. In determining whether a statute is unconstitutional, the question is not whether the result is harmful in the particular case, but whether the statute, according to its terms, will violate the provisions of the Constitution in its application to cases which may be expected to arise. The case then before the court furnished a demonstration of the injustice and deprivation of constitutional rights which might result from the enforcement of the statute. The present case illustrates in a similar way that the assessments on different lands made under this statute are not always proportional to the benefits. There is a great difference in value on account of the difference in grade between lands at different

points along the line of the sewer, and there is the same kind of question that was referred to in *Weed* v. *Boston* in regard to an assessment upon land on the southerly side of Ashford Street, so called, where there is intervening land in private ownership between the strip taken in the private way called Ashford Street and the parcel on which the assessment was made. There is also an important fact which was wanting in the other case, namely, that the sewer turns at right angles where it enters Ashford Street, and runs on two sides of the parcel at the corner. As the assessment was required to be made according to the lineal measurement of the land along the sewer, that parcel, which receives but slight additional benefit from the turn in the sewer, is doubly assessed.

That part of the statute which directs the making of assessments in this way is unconstitutional and void. The action of the superintendent of streets in making the assessment rests on this part of the statute, and it is impossible to find anything in it that stands upon a valid part of the statute which is separable from the part that is objectionable. The assessment was, therefore, void, and the payment by the plaintiff, having been induced by compulsory process and made under protest, may be recovered back in this action. *Sumner* v. *First Parish in Dorchester*, 4 Pick. 361. *Lincoln* v. *Worcester*, 8 Cush. 55. *Wright* v. *Boston*, 9 Cush. 233, 241. *Goodrich* v. *Lunenberg*, 9 Gray, 38. *Gerry* v. *Stoneham*, 1 Allen, 319. *Day* v. *Lawrence*, 167 Mass. 371. *Somerville* v. *Waltham*, 170 Mass. 160.

This is not like a case where there is a mere irregularity in the proceedings, which must be taken advantage of by a writ of certiorari. Action under an unconstitutional statute is as if there were no statute. *Fisher* v. *McGirr*, 1 Gray, 1. *Connecticut River Railroad* v. *County Commissioners*, 127 Mass. 50, 57.

The fact that the collection was made under St. 1891, c. 323, §§ 16, 18, by adding part of the assessment to the general tax of the plaintiff, does not affect his right to recover it back in this proceeding. It did not become a part of his general tax, but was separable from it. When a general tax is excessive by reason of overvaluation, or error in including property that is not assessable, the party is left to his remedy by an application for an abatement, and he cannot recover back the tax in an

action of this kind. But the provisions of law which prevent recovery in such cases are not applicable to this assessment. According to the terms of the report there must be

*Judgment for the plaintiff.*