## JOSIAH J. WHITE *vs.* WESLEY A. GOVE.

Suffolk.    March 13, 1902. — May 22, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND,
& LORING, JJ.

*Constitutional Law,* Assessments. *Equity Jurisdiction,* To remove cloud on title.
*Equity Pleading and Practice,* Decree.

St. 1892, c. 402, providing for sewer assessments in the city of Boston, is in viola-
tion of the provision of the Constitution of Massachusetts requiring taxes to be
"proportional and reasonable", and is void irrespective of its application to par-
ticular cases.

In this Commonwealth statutes imposing sewer assessments are treated as taxation
for public improvements and not as an exercise of the police power.

A bill in equity will lie to remove a cloud on the plaintiff's title consisting of a
deed to the defendant under a sale by a collector of taxes for non-payment of an
unconstitutional sewer assessment.

After the entry of a final decree in a suit in equity the case is disposed of, subject
to any rights of appeal given by statute, and a motion to vacate the decree and
grant a rehearing cannot be entertained.

BILL IN EQUITY, filed December 24, 1900, to remove a cloud
from the title of the plaintiff to certain land in that part of
Boston called Brighton, by declaring void a deed to the defend-
ant under a sale by the collector of taxes of the city of Boston
for non-payment of a sewer assessment under St. 1892, c. 402,
alleged to be unconstitutional.

The case was heard by *Loring,* J., who made a decree that
the bill be dismissed with costs; and the plaintiff appealed.
Within thirty days after the entry of the decree, the plaintiff
filed a motion that the decree be vacated and that a rehearing
be granted, first, because the agreed statement of facts upon
which the case was submitted was not authorized by the plain-
tiff; second, because the agreed statement of facts was erroneous

in many particulars; and, third, because the agreed statement of facts omitted many facts essential and important to the plaintiff's case. The motion was supported by an affidavit. The justice ruled, that he had not the power to vacate the decree and grant a rehearing, and denied the motion. To this ruling the plaintiff alleged exceptions.

The case was argued at the bar in March, 1902, before *Knowlton, Morton, Hammond, & Loring*, JJ., and afterwards was submitted on briefs to all the justices except *Braley*, J.

*C. F. Choate, Jr.*, for the plaintiff.

*W. O. Childs*, for the defendant.

KNOWLTON, C. J. The principal question in this case is whether a certain assessment for the construction of a sewer, made under St. 1892, c. 402, is valid. Upon facts before the court in two previous cases, this statute was said to be unconstitutional. *Weed* v. *Mayor & Aldermen of Boston*, 172 Mass. 28. *Dexter* v. *Boston*, 176 Mass. 247. In *Lorden* v. *Coffey*, 178 Mass. 489, a similar statute was held unconstitutional. Lately it has been contended before us at different times that the decisions of the Supreme Court of the United States in *French* v. *Barber Asphalt Paving Co.* 181 U. S. 324, and the numerous cases which immediately follow it in the same volume, have not only changed the law as it was generally understood to be laid down in *Norwood* v. *Baker*, 172 U. S. 269, but have materially affected the rule in this Commonwealth. It is to be noticed at the outset that these cases in the Supreme Court deal only with a question under the Constitution of the United States, while *Weed* v. *Mayor & Aldermen of Boston, ubi supra*, was decided before *Norwood* v. *Baker*, and without reference to the Constitution of the United States, the statute being held to be in violation of the Constitution of Massachusetts, c. 1, § 1, art. 4.

It is difficult to understand what is the exact meaning of the majority of the court in *French* v. *Barber Asphalt Paving Co.*, *ubi supra*, and in the cases that follow it, for they seemingly reaffirm *Norwood* v. *Baker*, and distinguish it from the cases then decided. In many State constitutions, the authority given to the legislative body to enact laws establishing taxation is general, while in others, as in this Commonwealth, the Constitution gives authority only "to impose and levy proportional

and reasonable assessments, rates and taxes." Const. Mass. c. 1, § 1, art. 4. Whether in the later cases the Supreme Court of the United States was considering statutes founded on general legislative authority, while in the earlier case of *Norwood* v. *Baker* they assumed that the power was limited to the enactment of laws authorizing only such taxes as are proportional and reasonable, and whether the seeming difference between the earlier decision and the later decisions is due to that fact, we need not consider.

Questions in regard to the constitutionality of laws relating to taxes have frequently arisen in this Commonwealth, and the test has always been whether the tax was proportional and reasonable. *Oliver* v. *Washington Mills*, 11 Allen, 268. *Commonwealth* v. *Cary Improvement Co.* 98 Mass. 19, 23. *Holt* v. *City Council of Somerville*, 127 Mass. 408.

As was pointed out in *Sears* v. *Aldermen of Boston*, 173 Mass. 71, and as was held in many other cases before *Norwood* v. *Baker* was decided, if one is required to pay a special assessment upon his property in addition to the general assessment which he pays equally with every one else, this special assessment cannot properly be founded on anything but benefits to the property. If he pays his proper proportion of the general tax and then pays a special assessment greater in amount than the benefit that he receives, his entire tax is excessive, unreasonable and disproportional. Hence, under a constitution which requires that taxes shall be proportional and reasonable, a system which imposes upon property in addition to its proportional share of the general tax a special assessment without an equivalent in benefit, is unconstitutional. We have no doubt of the correctness of our decisions which hold that special assessments upon property for the cost of public improvements are in violation of our Constitution if they are in substantial excess of the benefits received. See *Weed* v. *Mayor & Aldermen of Boston*, 172 Mass. 28 ; *Sears* v. *Aldermen of Boston*, 173 Mass. 71 ; *Sears* v. *Street Commissioners*, 173 Mass. 350 ; *Dexter* v. *Boston*, 176 Mass. 247 ; *Hall* v. *Street Commissioners*, 177 Mass. 434 ; *Lorden* v. *Coffey*, 178 Mass. 489. The question of difficulty in dealing with cases of this kind is, How far may the court interfere with the legislative determination of a method for making special assessments?

Of course, if a statute shows on its face that it entirely disregards the relation of the benefits to the taxes to be assessed upon the respective estates, it is plainly unconstitutional. In many cases, however, it is impossible to estimate the amount of benefit with absolute accuracy, and methods of determination must be adopted which are practicable, and which at the same time will give a reasonable approximation to accuracy. The selection of methods is primarily a matter for the Legislature, and much latitude must be allowed it in the exercise of its judgment and discretion in regard to a subject of this kind. It is only when its decision is plainly one that will be likely to result in taxation that is either disproportional or unreasonable that the court can interfere. So in different cases a great variety of methods have been sustained by the court as within the legislative authority. In *Sears* v. *Aldermen of Boston*, 173 Mass. 71, it was decided before the decision of the Supreme Court of the United States in *French* v. *Barber Asphalt Paving Co.*, *ubi supra*, that an assessment by the front foot of measurement on the line of the street, was a reasonable way of making a tax proportional to the benefits from watering a street in a thickly settled part of Boston. On the other hand, it was held in *Weed* v. *Mayor & Aldermen of Boston* and in *Dexter* v. *Boston, ubi supra*, that such a method was not a proportional or reasonable way of determining benefits from the construction of sewers to be built through streets or private lands in all parts of Boston. This was so held because cases might be expected to arise under the statute in which such a method would work great injustice, and the two cases referred to were illustrations of the fact that taxation under the statute would be far from proportional or reasonable. There might be other illustrations of the same fact, depending on different causes.

In *Sears* v. *Aldermen of Boston, ubi supra*, it was not intimated that the statute would be constitutional if it purported to justify an assessment by the front foot for watering streets in all parts of a city. There are rural regions or waste lands along public ways in most of the cities of the Commonwealth, where it would be difficult to discover any special or peculiar benefit to the landowners from the watering of the public ways. The law contemplates (St. 1897, c. 419, R. L. c. 26, §§ 25–27) that certain of the public ways will be watered at the expense of the city, and

provides that the city "may determine that certain other public ways or portions thereof, shall be watered at the expense of the abutters thereon." In making this provision the city is expected to provide for an assessment upon abutters only in those places where there is special benefit to their property from the watering of the way. In the opinion in this case it was said of the division by the board of aldermen: "It is not shown that their determination in regard to it was improper." If in any city it should be determined that the watering of a public way through a forest should be paid for by the abutters, there might be a remedy by certiorari for a decision without foundation in law. The constitutionality of the statute depends upon the fact that a classification is called for, and the provision for an assessment upon the abutters applies only to those places determined upon by the board of aldermen, where there will be special benefits from the watering.

The case of *French* v. *Barber Asphalt Paving Co.* 181 U. S. 324, and the cases following it, have not changed the law of this Commonwealth as to the validity of this class of statutes in reference to the Constitution of Massachusetts. Nor was the case of *Smith* v. *Mayor & Aldermen of Worcester*, 182 Mass. 232, intended to change our law as stated in other recent decisions. The statute in question in that case has been in force many years, and in the words of the opinion, "we may presume, very great and costly improvements have been made and probably titles passed in reliance upon the authority which the statute purports to confer." It is also said in the opinion that, "Perhaps we should have hesitated over the Worcester statute if it had come before us now for the first time." The opinion refers to various grounds and particulars of legislative discretion in determining methods of taxation with a view to reach results which shall be proportional and reasonable, and holds that this statute must be deemed to be within them.

It is contended that the statute now in question, though unconstitutional in reference to cases like those before the court when it was formerly considered, is constitutional when applied to cases like the present. This contention is not well founded. It was held unconstitutional in those cases because it was of general application to sewers to be constructed in all parts of

Boston, through streets or private lands, and it was apparent that cases would arise in the general application of it in which, if it was carried out, it would produce disproportional and unreasonable taxation. In *Dexter* v. *Boston, ubi supra*, the court says, " In determining whether a statute is unconstitutional, the question is not whether the result is harmful in the particular case, but whether the statute, according to its terms, will violate the provisions of the Constitution in its application to cases which may be expected to arise." It is true that when two parts of a statute, one of which is constitutional and the other is not, are easily separable, the act may be given effect in one part and held void in the other. *Commonwealth* v. *Kimball*, 24 Pick. 359. *Fisher* v. *McGirr*, 1 Gray, 1. So if a statute is made applicable in terms to two classes of cases which are unlike and easily distinguished, it may be held constitutional in the part that applies to one class, and unconstitutional in the part that applies to the other class, the two parts of the statute being separable. In like manner if the language of an enactment is broad enough to cover two distinct and easily distinguishable classes, in reference to one of which it is constitutional, and in reference to the other it would be unconstitutional, the Legislature will be presumed to have intended to include only the class in reference to which they had authority to make the enactment, and the statute will be held constitutional, but inapplicable to the other class. *Commonwealth* v. *Gagne*, 153 Mass. 205. But these principles do not apply to the present case. There are no distinct, definite and recognizable classes of cases, in reference to one of which the Legislature had authority to pass the law and in reference to the other of which it had not such authority. The statute was plainly intended to apply to all sewers that might be constructed in the city of Boston. One cannot say· that here is a certain kind of sewers so different from others that it is to be assumed that the Legislature did not intend to include them within the provisions of the statute because they could not properly be included. If there had been such separate classes the court might have held the statute constitutional, and have decided that the law was not intended to apply to but one of the classes. Instead of this, in order to determine whether objectionable results would follow in any case, it would be neces-

sary to investigate the facts in detail in reference to every part of the sewer, and it could only be determined whether the statute was applicable at the end of such an investigation. Besides, the statute was made in terms the only provision for the construction of ordinary sewers in the city of Boston, and for that reason it must include all kinds of sewers. St. 1892, c. 402, § 7. It was, therefore, rightly held unconstitutional.

It is also stated that the rules which we have laid down ought not to be applied to sewers because the assessments are not made in the exercise of the power of taxation, but of the police power. It is too late to raise a question of this kind in this Commonwealth. Undoubtedly, in the exercise of the police power to abate a nuisance or protect the public health, the Legislature might destroy property, or take it from the owner, under certain circumstances, without compensation. *Miller* v. *Horton*, 152 Mass. 540. But ordinary sewers in this Commonwealth are ordered and constructed as public improvements for the general benefit of the whole community, and for the special benefit of property owners, and they are paid for by taxation, general or special. The cases already cited show that the constitutional principles applicable to taxation for other public improvements are applicable to assessments for the construction of sewers.

The case of *Dexter* v. *Boston*, 176 Mass. 247, establishes the proposition that a sale for taxes, which include an assessment under an unconstitutional statute, is illegal, and that a deed under such a sale gives no valid title. See also *Connecticut River Railroad* v. *County Commissioners*, 127 Mass. 50, 57; *Wilbur* v. *Moulton*, 127 Mass. 509.

The defendant's deed constitutes a cloud upon the plaintiff's title, from which equity will relieve. The deed has been recorded, and the recitals in it will become, after a little time, prima facie evidence of the facts stated. R. L. c. 13, § 43. Besides, the plaintiff is in possession and cannot maintain a writ of entry. The facts bring the case within the decisions in *Russell* v. *Deshon*, 124 Mass. 342, and *Clouston* v. *Shearer*, 99 Mass. 209.

The plaintiff filed a bill of exceptions to the ruling of the judge, upon a petition to vacate the decree and grant a rehearing

after the entry of a final decree, that he had not the power to vacate the decree and grant the rehearing. This ruling was founded upon the established principle that after the entry of a final decree in equity, as after the entry of a final judgment in a suit at law, the case is finally disposed of by the court, subject to such rights of appeal, if any, as the statute gives, and the court has no further power to deal with the case except upon a bill of review. *Thompson* v. *Goulding*, 5 Allen, 81, 82. *Clapp* v. *Thaxter*, 7 Gray, 384. Of course this principle does not apply to an order for a decree, or to an order for a judgment at law, but it is applicable to the entry of the formal final decree or the final judgment. The rule as to what constitutes an entry of a final decree is given in *Thompson* v. *Goulding*, as well as the exceptions to the general rule first stated. If the case is rightly presented, the statute gives an ample remedy by way of appeal, with an opportunity to require of the judge upon a seasonable request, a report of facts to complete the record in aid of the appeal. R. L. c. 159, § 23. If on account of mistake, or for other good cause, a party needs to change his case, a bill of review is open to him. The ruling was correct. In the opinion of a majority of the court the exceptions must be overruled and the plaintiff must be given the relief which he seeks.

*Decree for the plaintiff; exceptions overruled.*