Coös,
May 5, 1942. } No. 3325.

MITCHELL FOURNIER *v.* BERLIN.

144

*Hinkley & Hinkley (Mr. Irving A. Hinkley* orally), for the plaintiff.

*Arthur J. Bergeron,* City Solicitor (by brief and orally), for the defendant.

MARBLE, J.    Plaintiff's counsel do not challenge the established doctrine that a municipal corporation is ordinarily immune from liability for injuries caused by the negligent performance of a governmental duty.    *Gilman* v. *Concord,* 89 N. H. 182, 184, and cases cited.    They contend, however, that the Sweden Street project was essentially a corporate rather than a governmental enterprise, since free labor and payment by the Federal Government to workmen who would otherwise have been on the city's relief rolls must have induced the undertaking.    They also argue that the city in quarrying and transporting the stone was engaged in a private business transaction for its own "special advantage and pecuniary profit."

These contentions cannot be sustained.    While it is true that a municipal corporation, when it acts in a private capacity for compensation, is responsible for the negligence of its agents precisely as though it were a private corporation (*Douglas* v. *Hollis,* 86 N. H. 578, 580, and cases cited), it is also true that a municipal enterprise does not become a private one merely because the municipality is free to choose the manner of performing the work or because financial benefit is incidentally derived from the choice.    *Gates* v. *Milan,* 76 N. H. 135.

The character of the work here undertaken was that of highway improvement, and such work "By whomsoever done, under legislative authority, . . . retains its essential public character, and does not in any event become the private, local work of the town." *O'Brien* v. *Derry,* 73 N. H. 198, 199.    Nor is the result affected by the particular method which the municipality employs in the prosecution of the work.    In the present case the quarrying and transportation of the stone and the conveyance of the workmen to and from the quarry were not independent business activities but merely a practical means of facilitating the execution of the primary project,

which was the reconstruction of Sweden Street. See *Balashaitis* v. *County*, 296 Pa. St. 83.

The fact that the project was voluntarily initiated (see *Gilman* v. *Concord*, 89 N. H. 182, 184) and the economic reasons which may have induced the city to undertake the work are unimportant. The elimination of labor costs did not make the project any the less a governmental one. In the case of *Hall* v. *Concord*, 71 N. H. 367, an individual taxpayer donated to the city of Concord a substantial sum of money for the reconstruction of a particular strip of highway. If in that case acceptance of a private contribution could properly be held not to have divested the enterprise of its governmental character, certainly no different conclusion can well be reached where, as here, the contribution is made by the Federal Government.

The plaintiff further contends that the rule of governmental immunity from tort liability cannot extend to acts performed by a municipality beyond its territorial boundaries. The case of *Whitefield* v. *Dalton*, 80 N. H. 93, cited by counsel in oral argument, does not so hold, but merely relates to the taxability of extra-territorial real estate not devoted to a public use.

Since the municipality "is not a self-sufficing unit" (10 Minn. Law Rev. 475), it is thought to be the better rule which permits a municipal corporation, in the absence of express prohibition, to acquire and administer property outside the corporate limits "for legitimate municipal purposes." 3 McQuillan, Mun. Corp. (2d ed.), s. 1210. See, also, P. L., c. 42, s. 3; *Somerville* v *Waltham*, 170 Mass. 160; *Hafner* v. *St. Louis*, 161 Mo. 34; *Schneider* v. *Menasha*, 118 Wis. 298; Anderson, "The Extraterritorial Powers of Cities," 10 Minn. Law Rev. 475, 484, 485.

In the case of *Schneider* v. *Menasha, supra*, it was held that a city which has express power to grade and pave its highways and to purchase and hold all real estate necessary or convenient for its use has implied authority to purchase a stone quarry located beyond its territorial boundaries for the purpose of obtaining rock for its streets.

It is true of course that the defendant could not "acquire governmental jurisdiction over a part" of Gorham (*Canaan* v. *District*, 74 N. H. 517, 528), but this does not mean that the character of its work was changed merely because it was carried on outside the city limits.

We believe the law of this jurisdiction to be in accord with the case of *Colwell* v. *Waterbury*, 74 Conn. 568, which, on the question of the non-liability of a city for negligence in the performance of a governmental undertaking, is cited with approval in *Hall* v. *Concord*, 71

N. H. 367, 370, 371, and in *O'Brien* v. *Derry*, 73 N. H. 198, 202. The plaintiff in the *Colwell* case was working for the city of Waterbury on a stone crusher located ten miles from Waterbury in the town of Cheshire. The stone there crushed was used by Waterbury for macadamizing one of its streets. In the course of the opinion it is said (*p.* 574): "If the city could do the work of breaking the stone more economically and successfully at the quarry than upon the street, and by the use of a machine than . . . by hand, it had the right to do the work at Cheshire by means of a stone-crusher, and the fact that it did so did not change the character of the work or of the duty which it was performing."

In accordance with the agreement of the parties the order is

*Judgment for the defendant, no costs.*

All concurred.