Hart, J.,
 

 dissenting. The Ohio Liquor Control Act was first enacted by the General Assembly effective December 23, 1933. Section 6064-57, of the original act (115 Ohio Laws [part 2], page 156), was then as follows:
 

 “Whoever has in his possession an opened bottle, flask, or container, containing intoxicating liquor, in a state liquor store or on the premises of the holder of a permit issued by the department of liquor control authorizing the sale of such intoxicating liquor, unless such intoxicating liquor shall have been lawfully pur
 
 *215
 
 cliased for consumption on such premises, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than ten dollars nor more than fifty dollars.”
 

 It will be noted that the crime described by this statute consisted in having possession of an “opened bottle, flask or container,
 
 containing intoxicating liquor”
 
 in either “a state liquor store” or “on the premises of the holder of a permit.” (Italics ours.)
 

 The original section of the statute above quoted was amended by the General Assembly effective August 22, 1935 (116 Ohio Laws, 541). The present form of the statute is the 1937 amendment (117 Ohio Laws, 652), the pertinent parts of which, as in force at the time of the offense charged in this action, are as follows:
 

 “Whoever has in his possession an opened bottle, flask, or container, containing intoxicating liquor, in a state liquor store,
 
 or ivhoever possesses or has in his possession an opened bottle, flash or container on the premises of the holder of any permit issued by the department of liquor control,
 
 * * * shall be deemed guilty of a misdemeanor * * *.” (Italics ours.)
 

 By the plain language of the second portion of the amended section it is now made an offense to have an “opened bottle” on the premises of a permit holder regardless of whether it contains milk, water, intoxicating liquor or, indeed, anything at all. The gist of the offense, as now stated, is having possession of an “opened bottle” rather than possession of the contents of the bottle.
 

 The defendant maintained and the trial court found that this portion of the statute, so far as it pertains to the possession of an “opened bottle” on the premises of a permit holder, is unconstitutional because its adoption in that form constitutes an unwarranted, unreasonable and arbitrary exercise of police power.
 

 Counsel for the state in brief and oral argument
 
 *216
 
 admit that in order to find that the affidavit charges a valid offense under the statute as now in force, it is necessary for the court, by interpretation, to say that the Legislature intended to insert in the statute the words “containing intoxicating liquor,” so that the statute would read, “or, whoever possesses or has in his possession an opened bottle, flask or container,
 
 ■containing intoxicating liquor
 
 on the premises of the holder of any permit issued by the department of liquor control, or any other public place shall be deemed guilty of a misdemeanor * * *.” (Italics ours.)
 

 May the court indulge in such interpretation and thus make the affidavit charge an offense against the defendant? There is no ambiguity of language in the statute. The most that can be said is that the portion of it here drawn in question is irrational. In view of previous form of the statute which made it an offense to possess a bottle containing intoxicating liquor on the premises of a permit holder, which provision was clearly expunged by the Legislature through amendment, who can guess what the Legislature had in mind in the enactment of the amended statute in its present form? Certainly there is nothing to signify that the Legislature intended to leave in the statute that which it clearly took out.
 

 Even granting that the Legislature did not intend to omit from the statute the words “containing intoxicating liquor,” the fact remains that it did so. It would be a dangerous act and furnish a dangerous precedent for any court to determine through interpretation that a previously committed act was criminal which was not made so by the clear language of the statute in force at the time the act was committed. Especially is this so in a case where, as here, there is no basis for a claim that there is an ambiguity in the language of the statute itself.
 
 State
 
 v.
 
 Meyers,
 
 56 Ohio St., 340, 350, 47 N. E., 138.
 

 
 *217
 
 The court must determine the meaning of what the Legislature enacted and not what it may have intended to enact. In no case can the court declare a repeal by amendment to have been unintentional.
 
 Christ Diehl Brewing Co.
 
 v.
 
 Schultz, Treas.,
 
 96 Ohio St., 27, 117 N. E., 8;
 
 Slingluff
 
 v.
 
 Weaver,
 
 66 Ohio St., 621, 64 N. E., 574. Plain language cannot be controlled by construction. If language is unambiguous, there is no authority in the court to construe.
 
 Swetland
 
 v.
 
 Miles,
 
 101 Ohio St., 501, 502, 130 N. E., 22;
 
 State, ex rel. Methodist Children’s Home Assn. of Worthington,
 
 v.
 
 Board of Education of The Worthington Village School Dist. of Franklin County,
 
 105 Ohio St., 438, 443.
 

 The language of Chief Justice Nichols of this court in the case of
 
 State, ex rel. Mitman,
 
 v.
 
 Board of County Commrs. of Greene County,
 
 94 Ohio St., 296, 307, is peculiarly applicable here. He said:
 

 “Where, as in the instant case, the general assembly deliberately amends an existing law by striking out
 
 may
 
 and substituting
 
 shall,
 
 it would be absurd for the court to deliberately give the meaning of
 
 may
 
 to the newly substituted
 
 shall.
 
 It would indeed be a mockery in the way of construction and would be equivalent to a judicial repeal of the amended act and a judicial reenactment of the former law.”
 

 It is claimed by the state and in the majority opinion that the statute is clarified and its operation limited to the possession of intoxicating, liquors by the last sentence which provides that: “this section shall not apply to intoxicating liquor which shall have been lawfully purchased for consumption on the premises where bought of a holder of a class A-2, D-2, D-3, D-3a, L>-4 and D-5 permit”; that this sentence refers back to and must be coupled with the words “whoever possesses or has in his possession an opened bottle, flask or container on the premises of the holder of any permit”; and that the statute by reason of this last sentence still contemplates that only
 
 *218
 
 opened bottles containing intoxicating liquor are to be banned on tbe premises of permit holders.
 

 Even if this were true, the affidavit against the defendant in this case was not sufficient in that it did not negative the exception in the statute. In other words, it did not allege that the opened bottle in the possession of the defendant containing whiskey had not been purchased of a permit holder of a designated type for ■consumption on the premises.
 

 It is true that Section 13437-9, General Code, provides that no indictment or information for any offense created or defined by statute must negative any exception, excuse or proviso contained therein. This ■contemplates the creation or definition of an offense punishable under the statute, independent of any exception, excuse or proviso which may constitute a defense to one charged under the statute. But where, under the interpretation claimed for the statute here under consideration, the state is obliged to depend upon the proviso itself to create or define the offense, it must be stated. In other words, if the statute creates or defines no offense in the absence of a proviso, and the latter is necessary to supply the deficiency, then by all rules of construction.and logic the proviso or exception must be set out in the instrument which charges a defendant with an offense.
 

 For instance, in this case, it was necessary to allege in the affidavit that the defendant had in his possession an opened bottle containing whiskey on the premises of a permit holder from whom the whiskey had not been purchased. The description of such permit holder is a necessary part of the offense and must be made a part of the affidavit.
 
 Hale
 
 v.
 
 State,
 
 58 Ohio St., 676, 684, 51 N. E., 154. This is not a matter of defense but is an essential element of the alleged crime which must be proved by the state. It must, therefore, be alleged in the affidavit. 21 Ohio Jurisprudence, 771, Section 78.
 

 
 *219
 
 Under this construction of the statute, possession of an opened bottle containing intoxicating liquor on the premises of a permit holder may or may not constitute an offense. If the liquor had been purchased on the premises of a permit holder of a designated type, it would not be unlawful to have it in an opened bottle on such premises, but if purchased elsewhere, it would be unlawful to have an opened bottle containing such intoxicating liquors on the premises of such permit holder. Therefore, to state an offense, the affidavit, indictment, or information must necessarily allege that the defendant had in his possession on the premises of the permit holder an opened bottle containing intoxicating liquor which had not been purchased .from such permit holder. There was no such allegation in the affidavit.
 

 The state makes still another contention to the effect that the defendant, being charged with having in his possession an opened bottle containing intoxicating liquor, a content or subject-matter as to which the state under its police power might constitutionally legislate even to the extent of prohibiting such possession, cannot question the constitutionality of the statute. In other words, the state claims that even though the operation of the statute might make it unconstitutional as to other persons, for example, a person who was charged with the possession of an opened bottle of milk on the premises of a permit holder, yet the defendant must leave it to such persons, against whom the operation of the statute might be unconstitutional, to raise the question. This is on the theory that a statute is presumed to be valid, until someone, whose rights it invades, complains.
 

 It is a well recognized rule that the validity of a law is to be tested, not by what has been done under it, but by what may, by its authority, be done.
 
 Stuart
 
 v.
 
 Palmer,
 
 74 N. Y., 183;
 
 Dexter
 
 v.
 
 City of Boston,
 
 176 Mass., 247, 57 N. E., 379;
 
 People, ex rel. Balcom,
 
 v.
 
 *220
 

 Mosher,
 
 163 N. Y., 32, 57 N. E., 88;
 
 Henderson
 
 v.
 
 Atlantic City,
 
 64 N. J. Eq., 583, 54 A., 533;
 
 Jenks v. Stump,
 
 41 Colo., 281, 93 P., 17, 15 L. R. A. (N. S.), 554;
 
 Houston & Tex. Cent. Rd. Co.
 
 v.
 
 Mayes,
 
 201 U. S., 321, 50 L. Ed., 772, 26 S. Ct., 491;
 
 State, ex rel. Riley,
 
 v.
 
 District Court,
 
 103 Mont., 576, 64 P. (2d), 115, 118; 16 Corpus Juris Secundum, 229, Section 97. On the other hand, no one will be heard to question the validity of a statute unless his interests have been or are about to be prejudicially affected by its operation. It is not sufficient that the statute is unconstitutional as to other persons or classes of persons; it must affirmatively appear that the person attacking the statute comes within the class of persons affected by it. 16 Corpus Juris Secundum, 157-, Section 76; 11 American Jurisprudence, 752; 8 Ohio Jurisprudence, 178; 1 Cooley’s Const., 339;
 
 Red Ball Transit Co.
 
 v.
 
 Marshall,
 
 8 F. (2d), 635, 270 U. S., 632, 70 L. Ed., 771, 273 U. S., 782, 70 L. Ed., 890;
 
 State, ex rel. Hostetter, v. Hunt,
 
 132 Ohio St., 568, 576, 9 N. E. (2d), 676;
 
 France
 
 v.
 
 State,
 
 57 Ohio St., 1, 47 N. E., 1041;
 
 Phillips
 
 v.
 
 State,
 
 77 Ohio St., 214, 82 N. E., 1062, affirming 4 N. P. (N. S.), 398;
 
 State, ex rel. Brooks,
 
 v.
 
 Cook,
 
 84 Mont., 478, 276 P., 958;
 
 State, ex rel. Hughes,
 
 v.
 
 Milhollan,
 
 50 N. D., 184, 195 N. W., 292;
 
 Sprout
 
 v.
 
 City of South Bend,
 
 277 U. S., 163, 72 L. Ed., 833, 62 A. L. R., 45;
 
 Prentiss
 
 v.
 
 Dittmer,
 
 93 Ohio St., 314, 112 N. E., 1021, L. R. A. 3917B, 191;
 
 Voeller
 
 v.
 
 Neilston Warehouse Co.,
 
 311 U. S., 531, 85 L. Ed., 322;
 
 State, ex rel. Struble,
 
 v.
 
 Davis,
 
 135 Ohio St., 593, 22 N. E. (2d), 81.
 

 One charged with an offense under a statute may always question its validity provided the invalidity of the portion questioned renders the entire act, or some portion affecting him, void. 16 Corpus Juris Secundum, 176, Section 84.
 

 These rules applied to the facts in the case at bar mean that since there is no separability in that por
 
 *221
 
 lion of tlie statute under consideration, and no distinction or differentiation described therein as to the contents of an opened bottle, the fact that one may be guilty of an offense by having in his possession an opened bottle, regardless of its contents, renders that portion of the statute unreasonable and invalid as to all persons. This being true, there can be no question but that this statute affects the rights of this defendant adversely. That he is charged with an offense under it is complete proof of that fact. His right to question the validity of the statute cannot be denied.
 

 Furthermore, the statute is inadequate, indefinite and uncertain. No crime is defined as to the premises of a permit holder unless it be that the possession of an opened bottle without regard to its contents is the act made criminal. There is no indication from the statute in question that the Legislature intended' to prohibit the possession of an opened bottle containing intoxicating liquor as distinguished from one containing water, milk or other substance. If the statute had provided that no one should possess an opened bottle containing intoxicating liquor, milk, or water, undoubtedly one charged with the possession of a bottle containing intoxicating liquor could not complain that the statute was void because it also made the possession of an opened bottle containing milk an offense under the statute.
 
 France
 
 v. State,
 
 supra; Phillips
 
 v. State,
 
 supra.
 
 But as said before, there is no separability of a valid from the invalid provision of this portion of the statute.
 

 The state’s interpretation of the statute in question would make the criminality of the act of having in possession an opened bottle, containing any particular substance, depend upon the uncertainty of a determination as to whether the Legislature had the authority to legislate under the police power as to the possession of such particular substance. Under such a
 
 *222
 
 statute, no one conld know in advance, with any certainty, whether, when he had possession of any certain substance in an opened bottle, he was committing-an act in violation of the statute. This is contrary to-the spirit of the criminal law.
 

 A statute creating an offense must clearly indicate what the Legislature intended to prohibit and punish, otherwise it will be void for uncertainty. 22 Corpus Juris Secundum, 71, Section 24.
 

 The Legislature, in the exercise of its power to declare wliat shall constitute a crime or punishable offense, must inform the citizen with reasonable precision what acts it intends to prohibit so that he may have a certain, understandable rule of conduct and know what acts it is his duty to avoid. 14 American Jurisprudence, 773, Section 19;
 
 United States
 
 v.
 
 Brewer,
 
 139 U. S., 278, 35 L. Ed., 190.
 

 Purely statutory offenses cannot be established by implication. There can be no constructive offense. Before a man can be punished, his case must be plainly and unmistakably within the statute. 14 American Jurisprudence, 774, and cases cited.
 

 The portion of the statute in question being vague, inadequate, unreasonable and, in my judgment, void, the trial court did not err in sustaining the motion to discharge the defendant, and the judgment of the Court of Appeals should be reversed.
 

 Turner, Matthias and Zimmerman, JJ., concur in the foregoing dissenting opinion.