VILLAGE OF ST. CLAIR SHORES *v.* VILLAGE OF GROSSE POINTE WOODS.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—QUESTIONS CONSIDERED BY TRIAL COURT.
   In suit between two home-rule villages relative to park owned by landlocked defendant but located on lake shore within plaintiff's limits, issue as to whether park was usable exclusively for defendant's inhabitants, which had been withdrawn by appellant from consideration by the trial court is not considered on instant appeal (1 Comp. Laws 1929, § 1763 *et seq.*).

2. MUNICIPAL CORPORATIONS—HOME-RULE VILLAGES—EXTRATERRITORIAL PARKS—CONSENT.
   A home-rule village may acquire, develop and maintain for park purposes lands lying within the corporate limits of another village without the latter's consent (Const. 1908, art. 8, § 22; 1 Comp. Laws 1929, § 1786).

3. SAME—HOME-RULE VILLAGES—CHARTERS—PARKS.
   Charter of plaintiff home-rule village authorizing it to lay out, establish, or vacate and discontinue public parks and grounds and regulate the use thereof does not vest such village with the exclusive right to maintain and operate public parks within its boundaries (Const. 1908, art. 8, § 22; 1 Comp. Laws 1929, § 1786).

4. SAME—RESTRICTIONS ON EXTRATERRITORIAL ACTIVITIES—NUISANCES—PARKS.
   The legislative restriction upon the right of one municipality to carry on an activity within the territory of another municipality insofar as garbage and sewage disposal plants are concerned does not apply to other undertakings which do not tend to create a nuisance, such as the maintenance of parks (1 Comp. Laws 1929, § 2482 *et seq.*).

5. SAME—PARKS—PUBLIC HEALTH—FEASIBLE SITE—FINDING OF COURT.

The maintenance of public parks has to do with public health and public welfare and is a lawful activity for one home-rule village to conduct within the confines of another such village where record supports finding that site ·chosen was the most feasible site that could be acquired under the circumstances (Const. 1908, art. 8, § 22; 1 Comp. Laws 1929, § 1786).

6. SAME—PARKS—TRAFFIC HAZARD—SPORTS.

Claim that maintenance of park by defendant village on the lake shore within the corporate limits of plaintiff village should not be permitted without plaintiff's consent because it would increase traffic hazard and would constitute a nuisance because at some seasons the contiguous waters are polluted due to presence therein of raw sewage *held*, without merit where park is spacious enough to permit off-the-highway parking and use for sports and recreational activities other than swimming.

7. INJUNCTION—APPREHENSION OF CREATION OF A NUISANCE.

The mere apprehension that a nuisance will be created does not authorize the issuance of an injunction or its retention upon hearing to dissolve.

Appeal from Macomb; Holland (H. Russel)', J., presiding. Submitted October 15, 1947. (Docket No. 67, Calendar No. 43,861.) Decided December 3, 1947.

Bill by Village of St. Clair Shores against Village of Grosse Pointe Woods and others to enjoin the establishment of a bathing beach within the confines of plaintiff. Decree for defendant. Plaintiff appeals. Affirmed.

*John H. Yoe,* for plaintiff.

*Julius L. Berns,* for defendants.

NORTH, J.   Each of the villages involved in this litigation is organized under the Michigan village

home-rule act. 1 Comp. Laws 1929, § 1763 *et seq.* (Stat. Ann. § 5.1511 *et seq.*). By this suit in equity plaintiff, village of St. Clair Shores, sought a decree whereby the defendant village of Grosse Pointe Woods and its officers would be restrained "permanently from establishing and operating upon the real estate hereinbefore described, a public or municipal park and bathing beach without the consent and against the will of plaintiff." The defendant village is the contract purchaser of the real estate involved. It consists of approximately 43 acres of land located within plaintiff village and is adjacent to the shores of Lake St. Clair. The decree entered in the circuit court provided:

"That the defendant village of Grosse Pointe Woods has the right and power to own and use the property described in the plaintiff's bill of complaint, as amended, * * * for and as a recreational park without the consent and/or permission of the plaintiff village of St. Clair Shores, subject however to all reasonable police and health regulations."

The main question presented is stated thus in appellant's brief:

"Does the village of Grosse Pointe Woods have the right to establish and maintain a municipal park and bathing beach, *exclusively for its inhabitants,* within the boundaries of the village of St. Clair Shores, at will and without the consent of the village of St. Clair Shores, under the provisions of section 22 of article 8 of the Constitution of the State of Michigan?"

However, on our review, for reasons about to be noted, we shall consider the case as though the above italicized words were deleted from the quoted question. In appellees' brief it is stated:

"The question of restriction upon the use of the property to residents and guests of the village of Grosse Pointe Woods was withdrawn from the consideration by the court, by the plaintiff at the conclusion of the trial."

And appellant in its reply brief has stated: "The claim of restriction as to use was withdrawn at the close of the proofs and before argument." Further, in the trial court's opinion it is said: "This objection as to its (the park's) restricted use has been withdrawn and is not now before the court." Notwithstanding the above, appellant still urges review in this Court as though the issue of restricted use of the park had not been withdrawn by appellant from consideration of the trial court. Under such circumstances review of that particular issue is not permissible on appeal. It was not submitted to or passed upon in the circuit court, and therefore will not be considered on this appeal. See *Michigan Aero Club* v. *Shelley,* 283 Mich. 401 (1938 U. S. Av. R. 79); *Swain Lumber Co.* v. *Newman Development Co.,* 314 Mich. 437.

The main question for review narrows down to this: May one home-rule village, whose charter contains appropriate provisions, purchase land within the boundaries of another home-rule village and, without the consent and over the objection of the latter village, establish and maintain a municipal park on the purchased land? The precise controversy between these litigants is not as to the power of defendant village to acquire, develop and use for park purposes lands lying outside its corporate limits. Admittedly it has that power. Instead, the issue is whether the defendant village has the right to acquire, develop and maintain for park purposes lands *lying within the corporate limits of plaintiff*

*village without the latter's consent.* We find the answer must be in the affirmative.

First and fundamentally the Constitution (1908), art. 8, § 22, provides:

"Any city or village may acquire, own, establish and maintain, either within or without its corporate limits, parks, boulevards, cemeteries, hospitals, almshouses and all works which involve the public health or safety."

The constitutional provision is supplemented by the following statutory provisions:

"Each village may in its charter provide:
&ast;     &ast;     &ast;     .

"(f) For the purchase of private property for any public use or purpose within the scope of its powers;     &ast;     &ast;     &ast;
"(h) For acquiring by purchase, land without its corporate limits necessary for the disposal of sewage and garbage, or for any purpose authorized by the Constitution or general laws." 1 Comp. Laws 1929, § 1786 (Stat. Ann. § 5.1534).

And the charter of defendant village provides:

"Chapter 2.   SECTION 1.   &ast;   &ast;   &ast;   (2) Acquire property.   &ast;   &ast;   &ast;   by purchase   &ast;   &ast;   &ast;   for any municipal purpose, including   &ast;   &ast;   &ast;   parks, recreational grounds.   &ast;   &ast;   &ast;   .

"Chapter 2.   &ast;   &ast;   &ast;   SEC. 2. All the powers possessed by said village may be exercised beyond the boundaries of the village insofar as the laws of the State will permit.   &ast;   &ast;   &ast;

"Chapter 27.   &ast;   &ast;   &ast;   Authority outside of village.   SEC. 18. When the commission shall deem it for the public interest, grounds and buildings for necessary public uses, may be purchased, erected and maintained, beyond the corporate limits of the village."

There does not appear in any of these provisions a limitation to the effect that acquisition and use of land for park purposes outside of a village's corporate limits must be with the consent of the municipality wherein the land is located. Obviously such a park site must be within the territorial confines of some municipality other than the village which acquires and maintains such park site. If such consent were to be required presumably it would have been so provided in the quoted constitutional provision, as it is expressly provided relative to the use of streets, et cetera, by public utilities in section 28 of the same article 8 of the Constitution. Since such a limitation is not found in the constitutional or statutory provisions whereby charter provisions for the establishment of such parks are authorized, it is not within the power of courts to change the law in that respect in a case of this character wherein, as we later point out, the element of an attendant nuisance is not established.

In reaching our conclusion we do not overlook appellant's argument that by chapter 8, § 21 of its village charter it is vested with: "The authority to lay out, establish, or vacate and discontinue public parks and grounds, and to improve, light, and ornament the same, and to regulate the use thereof." This provision clearly applies to parks established and maintained by appellant; but it is not applicable to parks established and maintained by any other municipality regardless of whether such parks are located within or without such other municipality's corporate limit. We are not in accord with appellant's contention that by its charter provisions above quoted it is vested with the exclusive right to maintain and operate public parks within its boundaries.

Appellant's brief contains the following: "It would seem futile to argue that the Constitution gives the right to any municipal corporation to violate the sanctity and the right of local self-government of any other municipality;" and in this connection appellant cites *Jones* v. *City of Detroit*, 277 Mich. 272. The decision of the cited case is by no means in point with the instant case. Decision therein did not turn upon the right of one municipality to establish a park within the territorial limits of another municipality; and should not be so construed, notwithstanding certain dicta relative to "parks" inadvertently included in our opinion in the *Jones Case*. Instead in the *Jones Case* dismissal of the bill of complaint was affirmed on the ground that construction of the sewage disposal plant within the city of Detroit was undertaken without first submitting the right so to do to a vote "of the qualified electors of the city  *  *  *  in accordance with Act No. 261, Pub. Acts 1927."

Another issue in the *Jones Case* involved the question as to whether Act No. 261, Pub. Acts 1927 (1 Comp. Laws 1929, § 2482 *et seq.* [Stat. Ann. § 5.2691 *et seq.*]) by implication was repealed by Act No. 94, Pub. Acts 1933.* By the former act it was provided that one municipality or public corporation might not establish a garbage disposal or reduction plant within the corporate limits of another municipality without its permission so to do, obtained by a vote of the qualified electors; and further the act declared any such plant, erected without such permit, to be a nuisance which might be abated in an action by the attorney general "or by any one or more of the property owners within the city  *  *  *  in which said  *  *  *  plant, or work is attempted to be

---

* Comp. Laws Supp. 1940, § 2486–22 *et seq.*, Stat. Ann. § 5.2731 *et seq.*—Reporter.

placed in violation of the act.'' It was held in the *Jones Case* that the 1933 act did not by implication repeal the 1927 act, but instead that the two should be construed together. In our opinion the instant case does not involve the nuisance element; and in that respect it differs materially from the *Jones Case*. Our opinion herein is not to be construed as a holding ''that the Constitution gives the right to any municipal corporation to violate the sanctity and the right of local self-government of any other municipality'' to the extent that the latter municipality may not by proper action restrain the creation or maintenance of a public nuisance within its corporate limits by any other municipality.

It is somewhat worthy of note that when the legislature by Act No. 261, Pub. Acts 1927, in some degree restricted the right of one municipality to carry on an activity within the territory of another municipality, it confined the scope of that legislation to garbage and sewage disposal plants; but it did not include therein other undertakings which do not tend to create a nuisance, such as the maintenance of parks.

While the precise question presented in the instant case has not heretofore been passed upon in this jurisdiction, under quite similar facts and circumstances the supreme court of Massachusetts has said: ''There is nothing in our statutes to prevent a city or town from acquiring by purchase land in another city or town for municipal purposes, if it is necessary or expedient for the interests of its inhabitants to do so. Indeed, the statutory provisions which give the right of taking land for gravel and clay pits by right of eminent domain within the limits of the city or town exercising this right clearly recognize the right of one municipality to own land in another, by confining its right to take

land 'not appropriated to public uses or owned by any other city or town.' " *City of Somerville* v. *City of Waltham,* 170 Mass. 160 (48 N. E. 1092).

As bearing upon the applicability of the Massachusetts decision, it is pertinent to note that the defendant village of Grosse Pointe Woods is a socalled landlocked village, whereas the plaintiff village has an extensive shore line along Lake St. Clair; hence it seems quite "necessary or expedient for the interests of its inhabitants" that defendant village should acquire and maintain this park area which borders on Lake St. Clair. It is not controverted, nor could it be, that the establishment and maintenance of public parks has to do with public health and public welfare. The authority of defendant village to so acquire and maintain a park outside of its corporate limits is expressly given by the terms of the Constitution, statutes and the charter provisions of defendant village hereinbefore quoted. Further, in his findings the trial judge properly said: "The site in question is the most feasible site that can be acquired considering its proximity to the village of Grosse Pointe Woods, its size and its general location."

In its brief plaintiff presents the contentions that it has the right to prohibit the use of the property involved by defendant village as a municipal park on the ground that such use would increase traffic within plaintiff village and thereby constitute a nuisance; and further, that the use of this municipal park and bathing beach, if permitted, would constitute a nuisance because at some seasons of the year the contiguous waters are polluted due to the presence therein of raw sewage. Under the record before us we find no merit to either of these contentions. Instead we are in accord with the finding of the trial court from which we quote:

"All of the testimony relative to the problem of health as relates to the establishment of a park on said premises is immaterial and beside the point and will not be herein considered or dealt with for the simple reason that it is conceded by the defendant village that if it is determined that it has the legal right to use and maintain said proposed park for recreational purposes which it is adapted for, that such right must as a matter of law be subject to any and all reasonable police and health regulations. Some testimony was likewise submitted relative to the traffic problem that might be precipitated by the establishment of such park. The court believes and finds as a matter of fact that the establishment of such a park would in no wise create any unreasonable traffic problem or burden upon the plaintiff village. * * * The size of the proposed park permits off-the-highway parking and is sufficient in size to be utilized for many useful and beneficial sports and recreational activities exclusive of swimming."

Further, as to granting injunctive relief incident to a surmised or anticipated nuisance see *Sommers v. City of Detroit,* 284 Mich. 67, and *Warren Township School District No. 7, Macomb County v. City of Detroit,* 308 Mich. 460. On page 73 of the *Sommers Case* we quoted with approval the following: "The mere apprehension that a nuisance will be created does not authorize the issuance of an injunction or its retention upon hearing to dissolve."

The decree entered in the circuit court is affirmed. Appellees will have costs of this Court.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.