VILLAGE OF GROSSE POINTE WOODS *v.* VILLAGE OF
ST. CLAIR SHORES.

1. TAXATION—EXEMPTION—PUBLICLY-OWNED        REALTY—CONSTRUC-
   TION OF STATUTE.
      Provision of real property tax exemption provision of general
         property tax law exempting "all land dedicated to the public
         and actually used as a park" cannot modify another provi-
         sion of same section exempting "lands owned by any county,
         township, city, village or school district and buildings thereon,
         used for public purposes" even though the ownership exemp-
         tion may overlap (CL 1948, § 211.7, subsections 3, 10).

2. SAME—EXEMPTION—RESTRICTED PUBLIC PARK OWNED BY ONE VIL-
   LAGE AND LOCATED IN ANOTHER.
      Park property owned by plaintiff village and limited to use by
         plaintiff's residents and taxpayers, though located within the
         village limits of defendant village, is nevertheless used for
         a public purpose and is entitled to the statutory exemption
         from taxation (CL 1948, § 211.7, subsection 3).

3. COSTS—PUBLIC QUESTION—EXEMPTION OF PARK PROPERTY FROM
   TAXATION.
      No costs are allowed in action by plaintiff village to recover taxes
         paid defendant village under protest for 43-acre park located
         within the limits of defendant village but restricted to use by
         taxpayers and residents of plaintiff village, a public ques-
         tion being involved (CL 1948, § 211.7, subsections 3, 10).

Appeal from Macomb; Huff (Eugene Snow), J.,
presiding.   Submitted October 26, 1949.   (Docket
No. 89, Calendar No. 44,595.)   Decided December 7,
1949.

Action by Village of Grosse Pointe Woods against Village of St. Clair Shores to recover taxes paid under protest. Judgment for plaintiff. Defendant appeals. Affirmed.

*Julius L. Berns,* for plaintiff.

*John H. Yoe (John W. Fistler,* of counsel), for defendant.

BUSHNELL, J. This is an appeal from a judgment, the effect of which is to exempt property owned by plaintiff Village of Grosse Pointe Woods from taxation by defendant Village of St. Clair Shores.

In 1947, plaintiff became the owner of 43 acres of land within the village limits of defendant. By deed the property is restricted to use for park purposes by the residents and taxpayers of plaintiff village, and the land is now so being used. The 1947 taxes assessed by defendant against plaintiff were paid under protest. Plaintiff, claiming a tax exemption, sued for and obtained a judgment.

The question presented is the application of the third and tenth subsections of the real estate tax exemption statute. CL 1948, § 211.7 (Stat Ann 1947 Cum Supp § 7.7).

Under a general ownership classification the first 3 subsections of the statute exempt public properties of the Federal, State, and local governments, respectively. Subsections 4 to 9 provide for exemption of privately owned property under certain conditions. Subsection 10 is a different type of classification with an exemption according to use, which reads as follows:

"All land dedicated to the public and actually used as a park and any monument ground or any armory belonging to any military organization, and not used for gain or any other purposes."

The restrictions of subsection 10 cannot, therefore, modify the other subsections even though the ownership exemption may overlap. The only limitation to the exemption in the third subsection is that the land must be used for public purposes.

This park property, even though limited to use by plaintiff's residents and taxpayers, is nevertheless used for a public purpose. Plaintiff is entitled to the statutory tax exemption. *City of Traverse City* v. *Township of Blair,* 190 Mich 313, 321 (Ann Cas 1918E 81); *Hays* v. *City of Kalamazoo,* 316 Mich 443, 457 (169 ALR 1218); and see *Village of St. Clair Shores* v. *Village of Grosse Pointe Woods,* 319 Mich 372.

The judgment is affirmed. A public question being involved, no costs will be allowed.

SHARPE, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.